# Illinois Official Reports

## Appellate Court

---

**People v. Scarbrough, 2015 IL App (3d) 130426**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMAR SCARBROUGH, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-13-0426 |
| Filed<br>Rehearing denied | May 13, 2015<br>June 18, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Will County, Nos. 12-CM-1506, 12-TR-36534; the Hon. Domenica Osterberger, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Dimitri Golfis (argued), of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>James Glasgow, State's Attorney, of Joliet (Dawn D. Duffy (argued), of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

PRESIDING JUSTICE McDADE delivered the judgment of the court, with opinion.
Justices Carter and Wright concurred in the judgment and opinion.

**OPINION**

¶ 1     The defendant, Jamar Scarbrough, entered a blind plea of guilty to driving while his license was revoked (625 ILCS 5/6-303(a) (West 2012)) and to obstructing identification (720 ILCS 5/31-4.5(a)(2) (West 2012)). The circuit court sentenced him to 12 months of conditional discharge and to 30 days in the Will County jail, with credit for 25 days served. On appeal, the defendant argues that he is entitled to a new sentencing hearing because the court erred when it found that: (1) he was ineligible for court supervision; and (2) he was required to serve a minimum of 30 days in jail. Alternatively, the defendant argues that he is entitled to a remand for new postplea proceedings because defense counsel failed to comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2006). We affirm.

¶ 2                                        FACTS

¶ 3     On April 24, 2012, the defendant received a citation for driving while his license was revoked (625 ILCS 5/6-303(a) (West 2012)). In connection with the incident, the defendant furnished a false name, "Jonathon Riggins," to the police officer who conducted the traffic stop. Accordingly, the defendant was also charged with obstructing identification (720 ILCS 5/31-4.5(a)(2) (West 2012)).

¶ 4     On February 25, 2013, the parties appeared in court while they were working on a plea agreement. The parties asked the court to enter a finding on a dispute they had regarding whether the defendant was eligible for supervision on the charge of driving while his license was revoked. The State first pointed out that the defendant had been convicted on February 21, 2003, for violating section 6-303 of the Illinois Vehicle Code. The State then argued that because the defendant's most recent violation of section 6-303 allegedly occurred on April 24, 2012, the 2003 conviction was within 10 years such that he was not eligible for supervision under section 5-6-1(j) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-6-1(j) (West 2012)). Defense counsel disagreed that the date of the most recent offense was the operative date; rather, defense counsel argued that the operative date would be the date of disposition on his current offense. Thus, because the defendant had not been convicted on the current offense within 10 years of the 2003 conviction, defense counsel argued that the defendant was in fact eligible for supervision. The court continued the case to give the parties time to research the issue.

¶ 5     Before the hearing was concluded, defense counsel inquired further regarding the defendant's potential sentence. Defense counsel asked the court that if the defendant was not eligible for supervision, whether he would be eligible to receive community service. The court stated that the defendant would not be eligible for community service, as "the other relevant provision of the sentencing code is that number three–it's 4.5 of the disposition statute, which

is 5-5-3, says a minimum term of imprisonment of 30 days shall be imposed for a third violation of subsection C of 6303."

¶ 6       On March 11, 2013, the parties returned to court. After hearing arguments on the issue of whether the defendant was eligible for supervision, the circuit court ruled that the operative date for the prior offense was the date of conviction, as subsections (1) and (2) of section 5-6-1(j) referred to a conviction or to supervision. Next, the court ruled that the operative date for the current offense was the date of the charge–not the date of a conviction–because the first paragraph of section 5-6-1(j) specifically referred to a defendant who was charged with a violation of section 6-303. The court also reiterated "that section 4.5 of 5-5-3 requires a minimum term of imprisonment of 30 days to be imposed."

¶ 7       After the court issued its ruling, the defendant entered a blind plea of guilty to both charges. The court administered guilty plea admonishments, which included the court admonishing the defendant that he was not eligible for supervision and that he was facing a minimum of 30 days in jail. The court accepted the defendant's guilty plea and set the case for sentencing.

¶ 8       On April 15, 2013, the circuit court held a sentencing hearing. During the hearing, the court inquired as to the reason why the defendant's license was revoked at the time of the instant offense. The prosecutor stated, "[o]n the date of the offense, the statutory summary suspension, and the bond forfeiture DUI were in effect." The court then clarified with the parties that the basis for the defendant's revoked license at the time of this offense was a bond forfeiture conviction for driving under the influence (DUI).[1] The prosecutor also stated that the defendant's criminal history included a statutory summary suspension in 2002 and convictions for driving while license suspended in both 2002 and 2003.

¶ 9       During recommendations, defense counsel stated that she believed the defendant was supervision-eligible, but that if the court disagreed, she recommended 300 hours of community service work. The court ultimately sentenced the defendant to 12 months of conditional discharge and to 30 days in the Will County jail, with credit for 25 days served.

¶ 10      On April 18, 2013, the defendant filed a motion to reconsider the sentence. He alleged that more than 10 years had elapsed since his last violation of section 6-303 of the Code and, as a result, he was eligible for court supervision, despite the circuit court's finding to the contrary.

¶ 11      On June 11, 2013, defense counsel filed a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2006), which stated:

> "1. Counsel has consulted with the Defendant in person to ascertain the Defendant's contentions of error in the sentence or the entry of a plea of guilty in this matter.
>
> 2. Counsel has examined the trial court file and the report of proceedings of the plea of guilty.
>
> 3. Counsel has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."

¶ 12      Also on June 11, 2013, the circuit court held a hearing on the defendant's motion to reconsider his sentence, which the court denied. The defendant appealed.

---

[1]The court's comments indicated that subsequent to the instant charge, the bond forfeiture was vacated and the defendant was ultimately found not guilty of DUI after a trial.

¶ 13                                ANALYSIS
¶ 14                    I. Eligibility for Court Supervision
¶ 15     On appeal, the defendant initially argues that his sentence should be vacated and the case should be remanded for a new sentencing hearing because the circuit court erred when it found that he was ineligible for court supervision. The defendant posits two arguments to support his position. First, he argues that section 5-6-1(j) of the Unified Code (730 ILCS 5/5-6-1(j) (West 2012)) does not apply to him because his license was not revoked for a violation of one of the statutes enumerated in section 5-6-1(j).

¶ 16     While sentencing issues are typically reviewed for an abuse of discretion, the question presented by this issue is one of statutory interpretation; accordingly, our review is *de novo*. *People v. Anderson*, 402 Ill. App. 3d 186, 189 (2010).

¶ 17     In relevant part, section 5-6-1(c) of the Unified Code provides that when a defendant pleads guilty, the court may defer further proceedings and enter an order for supervision. 730 ILCS 5/5-6-1(c) (West 2012). However, subsection (j) states that subsection (c) does not apply:

> "[T]o a defendant charged with violating Section 6-303 of the Illinois Vehicle Code or a similar provision of a local ordinance when the revocation or suspension was for a violation of Section 11-501 or a similar provision of a local ordinance or a violation of Section 11-501.1 or paragraph (b) of Section 11-401 of the Illinois Vehicle Code if the defendant has within the last 10 years been:
>
> > (1) convicted for a violation of Section 6-303 of the Illinois Vehicle Code or a similar provision of a local ordinance; or
> >
> > (2) assigned supervision for a violation of Section 6-303 of the Illinois Vehicle Code or a similar provision of a local ordinance." 730 ILCS 5/5-6-1(j) (West 2012).

¶ 18     In this case, at the sentencing hearing, the circuit court determined that the defendant's license was revoked at the time of the instant offense due to a bond forfeiture conviction for DUI. As the defendant points out in his brief, bond forfeitures are civil judgments. See *People v. Woolums*, 63 Ill. App. 3d 602, 605-07 (1978); 725 ILCS 5/110-7(g), 110-8(h) (West 2012). However, the defendant fails to recognize that for the purposes of the Illinois Driver Licensing Law (625 ILCS 5/6-100 to 6-1013 (West 2012)), bond forfeiture judgments constitute convictions. 625 ILCS 5/6-100 (West 2012) (defining "conviction" for the Driver Licensing Law as "[a] final adjudication of guilty by a court of competent jurisdiction either after a bench trial, trial by jury, plea of guilty, order of forfeiture, or default"); 625 ILCS 5/6-204(c) (West 2012) (stating that "[f]or purposes of this [Vehicle] Code, a forfeiture of bail or collateral deposited to secure a defendant's appearance in court when forfeiture has not been vacated, or the failure of a defendant to appear for trial after depositing his driver's license in lieu of other bail, shall be equivalent to a conviction"); see also *People v. Smith*, 345 Ill. App. 3d 179, 186 (2004) (holding that "for purposes of the offenses outlined in the Vehicle Code, the term 'conviction' encompasses convictions that resulted from bond forfeitures or default orders").

¶ 19     Because a bond forfeiture for DUI is the equivalent of a conviction for DUI for the purposes of the Driver Licensing Law, and because the defendant's revocation at the time of the instant offense was for a violation of section 11-501 of the Vehicle Code, we hold that the defendant's license was in fact revoked for a violation of one of the statutes enumerated in section 5-6-1(j). Thus, the defendant's first argument in support of his claim that his sentence

should be vacated and the case should be remanded for a new sentencing hearing is without merit.

¶ 20　　The defendant's second argument in support of his claim on this issue is that section 5-6-1(j) of the Unified Code does not apply to him because he had not been convicted of a violation of section 6-303 of the Vehicle Code within the last 10 years. The defendant reasons that: (1) section 5-6-1(c) applies when a defendant has pled guilty, stipulated to the facts supporting the charge, or been found guilty; (2) section 5-6-1(j) expressly states that it is an exception to section 5-6-1(c); and (3) accordingly, the 10-year period in section 5-6-1(j) runs backward from the time when a defendant has pled guilty, stipulated to the facts supporting the charge, or been found guilty. The defendant also points to another exception to section 5-6-1(c), section 5-6-1(k), which includes language pertaining to the time of the defendant's arrest. The defendant claims that section 5-6-1(k) shows that had the legislature intended the 10-year period to run backward from the date of a defendant's arrest, they would have included such language in section 5-6-1(j).

¶ 21　　Our review of section 5-6-1 shows that in general, subsection (c) merely grants the circuit court the option to order supervision, instead of imposing a sentence, when a defendant pleads guilty, stipulates to the facts supporting the charge, or is found guilty. 730 ILCS 5/5-6-1(c) (West 2012). Other subsections in section 5-6-1 that operate as exceptions to subsection (c) simply remove the option of supervision as a disposition in certain circumstances. One such circumstance, which is covered by subsection (j), precludes supervision when:

> "[A] defendant [is] *charged* with violating Section 6-303 of the Illinois Vehicle Code or a similar provision of a local ordinance when the revocation or suspension was for a violation of Section 11-501 or a similar provision of a local ordinance or a violation of Section 11-501.1 or paragraph (b) of Section 11-401 of the Illinois Vehicle Code if the defendant has within the last 10 years been:
>
> > (1) convicted for a violation of Section 6-303 of the Illinois Vehicle Code or a similar provision of a local ordinance; or
> >
> > (2) assigned supervision for a violation of Section 6-303 of the Illinois Vehicle Code or a similar provision of a local ordinance." (Emphasis added.) 730 ILCS 5/5-6-1(j) (West 2012).

¶ 22　　The best indicator of legislative intent is the statutory language itself, which is given its plain and ordinary meaning. *People v. Ramirez*, 214 Ill. 2d 176, 179 (2005). "Where the language is clear and unambiguous, we will apply the statute without resort to further aids of statutory construction." *Id.* With regard to subsection (j), it is important to note that the legislature used "charged" when describing the circumstance in which supervision is not an option. 730 ILCS 5/5-6-1(j) (West 2012). If the legislature had intended something other than the date that a defendant is charged, it presumably would have used different language, as other subsections show–including subsection (k). 730 ILCS 5/5-6-1(k) (West 2012). Because we believe subsection (j) is clear and unambiguous, we hold that the operative date from which the 10-year period is to be calculated is the date on which the defendant is charged with a violation of section 6-303 of the Vehicle Code.

¶ 23　　Applying the facts of this case to section 5-6-1(j), it is clear that the defendant was not eligible for court supervision. The defendant was charged with the instant offense on April 24, 2012. As we held above, his revocation was related to a DUI charge. Further, during plea agreement negotiations, it was established that the defendant had been convicted of violating

section 6-303 of the Vehicle Code on February 21, 2003. Under these circumstances, we hold that the circuit court did not err when it found that the defendant was ineligible for supervision.

¶ 24                                    II. 30-Day Jail Requirement

¶ 25    Next, the defendant argues that the circuit court erred when it found that he was required to serve a minimum of 30 days in jail.

¶ 26    We review questions of statutory interpretation under the *de novo* standard. *Anderson*, 402 Ill. App. 3d at 189.

¶ 27    In relevant part, section 6-303(a) of the Vehicle Code provides that "any person who drives *** a motor vehicle on any highway of this State at a time when such person's driver's license *** is revoked or suspended *** shall be guilty of a Class A misdemeanor." 625 ILCS 5/6-303(a) (West 2012). In addition, in relevant part, section 6-303(c) of the Vehicle Code provides that "any person convicted of violating this Section shall serve a minimum term of imprisonment of 10 consecutive days or 30 days of community service when the person's driving privilege was revoked or suspended as a result of" either a violation of the DUI statute (625 ILCS 5/11-501 (West 2012)) or a statutory summary suspension or revocation under section 11-501.1 of the Vehicle Code (625 ILCS 5/11-501.1 (West 2012)). 625 ILCS 5/6-303(c) (West 2012).

¶ 28    Additional statutes can apply to violations of section 6-303 of the Vehicle Code, including if the defendant has violated that section multiple times. After repeating the minimum sentence stated in section 6-303(c) of the Vehicle Code, section 5-5-3(c) of the Unified Code includes, in relevant part, the following two provisions:

> "(4.4) *** a minimum term of imprisonment of 30 days or 300 hours of community service, as determined by the court, shall be imposed for a third or subsequent violation of Section 6-303 of the Illinois Vehicle Code.

> (4.5) A minimum term of imprisonment of 30 days shall be imposed for a third violation of subsection (c) of Section 6-303 of the Illinois Vehicle Code." 730 ILCS 5/5-5-3(c)(4.4), (4.5) (West 2012).

¶ 29    In this case, the circuit court found that section 5-5-3(c)(4.5) applied to the defendant. The defendant claims that the court's finding was erroneous because the instant offense was not his third violation of section 6-303(c) of the Vehicle Code.

¶ 30    Our review of the record reveals no error in the circuit court's finding that section 5-5-3(c)(4.5) applied to the defendant. With regard to the instant offense, the defendant's license was revoked at the time in connection with a DUI charge, and the defendant's instant offense therefore met the requirements of section 6-303(c). See 625 ILCS 5/6-303(c)(1) (West 2012). In addition, at the sentencing hearing, the prosecutor noted that the defendant had a statutory summary suspension in 2002 and convictions for driving while his license was suspended in both 2002 and 2003. Accordingly, the defendant's two prior convictions for driving while his license was suspended met the requirements of section 6-303(c). See 625 ILCS 5/6-303(c)(3) (West 2012). Further, given that the defendant had three violations of section 6-303(c), the applicable sentencing provision under section 5-5-3(c) of the Unified Code was subsection (4.5). Under these circumstances, we hold that the circuit court properly found that section 5-5-3(c)(4.5) applied to the defendant such that he was subject to a mandatory minimum of 30 days of imprisonment.

Alternatively, the defendant argues that he is entitled to a remand for new postplea proceedings because defense counsel failed to comply with Supreme Court Rule 604(d). Specifically, the defendant asserts that defense counsel failed to certify that she consulted with him to ascertain his contentions of error in both the sentence *and* the entry of the guilty plea.

The principles that guide statutory interpretation also guide the interpretation of our supreme court's rules. *People v. Tousignant*, 2014 IL 115329, ¶ 8. The interpretation of a supreme court rule presents a question of law that we review *de novo*. *Id.*

In relevant part, Rule 604(d) provides:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment. *** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2006).

Defense counsel is required to strictly comply with Rule 604(d), and the failure to do so requires a remand for compliance with the rule's requirements. *People v. Mineau*, 2014 IL App (2d) 110666-B, ¶ 8.

In *Tousignant*, our supreme court held that "or" means "and" in the context of Rule 604(d)'s requirement that defense counsel "ascertain defendant's contentions of error in the sentence *or* the entry of the plea of guilty" (emphasis added) (Ill. S. Ct. R. 604(d) (eff. July 1, 2006)). *Tousignant*, 2014 IL 115329, ¶ 20. Thus, our supreme court stated that counsel is required to consult with the defendant regarding both the sentence *and* the entry of the guilty plea. *Id.* The court did not make any change to the language to be used in the Rule 604(d) certificate.

*Tousignant* does not, therefore, address the specific issue raised by the defendant in the instant case–that defense counsel made no representation in the certificate that he or she had, in fact, consulted with the defendant on both. Put differently, *Tousignant* construes what the rule requires defense counsel to do; the certificate informs the court what he or she actually did.

In this case, defense counsel's Rule 604(d) certificate tracked the rule's language verbatim. The Second District has addressed this issue twice–once pre-*Tousignant* in *People v. Herrera*, 2012 IL App (2d) 110009, ¶ 14 (noting that reciting the rule's language verbatim "is the better practice"). The court revisited the issue after *Tousignant* in *People v. Mineau*, 2014 IL App (2d) 110666-B, ¶¶ 16, 18 (noting, *inter alia*, that "[n]othing in *Tousignant* demonstrates an intention to change the rule's literal language or to change what a certificate must state"). We are not in agreement with the Second District's conclusions.

The plain language of the rule appears to require defense counsel to file a certificate stating that: he or she has consulted with the defendant either (*choose one*) by mail *or* in person to ascertain defendant's contentions of error in (*choose as many as apply*) the sentence *or* the

entry of the guilty plea (*or both*), *and* has examined the trial court file and report of proceedings of the plea of guilty, *and* has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings. To simply recite the language of the rule verbatim, as *Herrera* and *Mineau* find appropriate, leaves the certificate singularly devoid of the very information it should be imparting.

¶ 39    It is for this reason we do not agree that verbatim recital of the rule "is the better practice" (*Herrera*, 2012 IL App (2d) 110009, ¶ 14). Rather we conclude that *Tousignant* demonstrates a need for defense counsel's Rule 604(d) certificate to specify what he or she has actually done to achieve compliance with the rule rather than simply regurgitate the rule's language.

¶ 40    That said, we find in the instant case that the defendant does not contend that he had objections to the entry of his guilty plea–independent of the sentencing issues that have been raised–that his counsel failed to include in his postplea proceedings. Rather he raises only a claim of a technical semantic defect in the Rule 604(d) certificate.

¶ 41    We agree that the language used in the certificate was insufficiently precise and technically noncompliant, but defendant has raised no claim of omitted legal contentions or of prejudice. Accordingly we reject defendant's prayer for a remand for a more compliant Rule 604(d) certificate.

¶ 42                                CONCLUSION

¶ 43    The judgment of the circuit court of Will County is affirmed.

¶ 44    Affirmed.