# Illinois Official Reports

## Appellate Court

*People v. Mason*, 2015 IL App (4th) 130946

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DEMETRIOUS J. MASON, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-13-0946 |
| Filed<br>Rehearing denied | August 4, 2015<br>September 17, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 13-CF-227; the Hon. Heidi Ladd, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Michael J. Pelletier, Jacqueline L. Bullard, and Lawrence Bapst, all of State Appellate Defender's Office, of Springfield, for appellant.<br><br>Julia Rietz, State's Attorney, of Urbana (Patrick Delfino and David J. Robinson, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE TURNER delivered the judgment of the court, with opinion. Presiding Justice Pope and Justice Knecht concurred in the judgment and opinion. |

**OPINION**

¶ 1       Pursuant to a negotiated plea agreement, defendant pleaded guilty to criminal sexual abuse, and the Champaign County circuit court sentenced defendant to 30 months' probation. Thereafter, defendant filed a timely *pro se* motion to withdraw his guilty plea. Defense counsel also filed a motion to withdraw defendant's guilty plea and a certificate as required by Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013). After a hearing, the court denied defendant's request to withdraw his guilty plea.

¶ 2       Defendant appeals, contending he is entitled to a remand for new postplea proceedings because his counsel's Rule 604(d) certificate did not comply with the rule. We reverse and remand.

¶ 3       I. BACKGROUND

¶ 4       In February 2013, the State charged defendant with criminal sexual assault (720 ILCS 5/12-13(a)(2) (West 2010) (text of section effective until July 1, 2011)) for his actions in February 2011. The State later added a second charge of criminal sexual abuse (720 ILCS 5/12-15(a)(2) (West 2010) (text of section effective until July 1, 2011)) for defendant's actions in February 2011. Defendant and the State entered into a plea agreement, under which defendant would plead guilty to the criminal-sexual-abuse charge with a sentence of 30 months' probation with 180 days in jail and the State would move to dismiss the criminal-sexual-assault charge. At the June 18, 2015, plea hearing, the trial court accepted the parties' plea agreement and continued sentencing for defendant to obtain a sex-offender evaluation. On July 31, 2013, the court sentenced defendant in accordance with the terms of the plea agreement and dismissed the criminal-sexual-assault charge.

¶ 5       On August 20, 2013, defendant filed a timely *pro se* motion to withdraw his guilty plea, asserting his right to a speedy trial was violated. Defense counsel also filed a motion to withdraw defendant's guilty plea, which incorporated defendant's speedy-trial argument. On October 23, 2013, the trial court held a hearing on defendant's postplea motion, and defense counsel filed the Rule 604(d) certificate at issue in this appeal. At the conclusion of the hearing, the court denied defendant's postplea motion.

¶ 6       On October 25, 2013, defendant filed a timely notice of appeal in sufficient compliance with Illinois Supreme Court Rule 606 (eff. Feb. 6, 2013). Accordingly, this court has jurisdiction under Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013).

¶ 7       II. ANALYSIS

¶ 8       On appeal, defendant's sole argument is his counsel's Rule 604(d) certificate is deficient because it fails to show counsel consulted with defendant about his contentions of error related to both his guilty plea and sentence. Due to the deficiency, defendant asserts he is entitled to a remand for new postplea proceedings. The State contends defense counsel's Rule 604(d) certificate was not deficient, and if it was, remand is not warranted. We review *de novo* the question of whether defense counsel complied with Rule 604(d). *People v. Grice*, 371 Ill. App. 3d 813, 815, 867 N.E.2d 1143, 1145 (2007).

¶ 9       Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013) provides, in pertinent part, the following:

"The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence *or* the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." (Emphasis added.)

In *People v. Tousignant*, 2014 IL 115329, ¶ 20, 5 N.E.3d 176, our supreme court held that, in the above context, "the word 'or' is considered to mean 'and.'" It further explained that, "[u]nder this reading, counsel is required to certify that he has consulted with the defendant 'to ascertain defendant's contentions of error in the sentence *and* the entry of the plea of guilty.'" (Emphasis in original.) *Tousignant*, 2014 IL 115329, ¶ 20, 5 N.E.3d 176. The aforementioned reading applies even when the defendant files only one type of postplea motion. *Tousignant*, 2014 IL 115329, ¶ 21, 5 N.E.3d 176. In his special concurrence, Justice Thomas emphasized the need for Rule 604(d) to be amended because, without such, "the rule will continue to create confusion, and we will not know with any degree of certainty which attorneys are complying and which are not." *Tousignant*, 2014 IL 115329, ¶ 27, 5 N.E.3d 176 (Thomas, J., specially concurring). Despite its decision in *Tousignant* and an amendment to a different part of Rule 604(d), the supreme court has not amended the "or" addressed in *Tousignant*. See Ill. S. Ct. R. 604(d) (eff. Dec. 11, 2014).

¶ 10    Since the *Tousignant* decision, the Second District has addressed a certificate's compliance with Rule 604(d) where the certificate recited the verbatim language of Rule 604(d). *People v. Mineau*, 2014 IL App (2d) 110666-B, 19 N.E.3d 633. The Second District found that, since "or" means "and" for purposes of Rule 604(d) certificates, a counsel's certificate that uses "or" literally complies. *Mineau*, 2014 IL App (2d) 110666-B, ¶ 18, 19 N.E.3d 633. The *Mineau* court reasoned "[n]othing in *Tousignant* demonstrates an intention to change the rule's literal language or to change what a certificate must state." *Mineau*, 2014 IL App (2d) 110666-B, ¶ 18, 19 N.E.3d 633. Moreover, it noted that, in his special concurrence, Justice Thomas implicitly found using "or" complied with the rule as currently written. *Mineau*, 2014 IL App (2d) 110666-B, ¶ 19, 19 N.E.3d 633. Last, on the facts of that case, the Second District pointed out that, since defense counsel filed a motion to withdraw the defendant's plea or, in the alternative, to reconsider his sentence, it could reasonably be inferred counsel consulted with the defendant about both types of error. *Mineau*, 2014 IL App (2d) 110666-B, ¶ 18, 19 N.E.3d 633.

¶ 11    Recently, the Third District has disagreed with the Second District's holding that a verbatim recital of the rule complies with Rule 604(d)'s certificate requirement. *People v. Scarbrough*, 2015 IL App (3d) 130426, ¶ 39, *pet. for leave to appeal pending*, No. 119564 (filed July 21, 2015). Like Justice Thomas in his special concurrence in *Tousignant*, the Third District explained the verbatim language of Rule 604(d) does not explicitly identify what defense counsel actually did during the postplea proceedings. See *Scarbrough*, 2015 IL App (3d) 130426, ¶ 38. It concluded a Rule 604(d) certificate must specify what counsel actually did to achieve compliance with the rule. *Scarbrough*, 2015 IL App (3d) 130426, ¶ 39. While it found a certificate's verbatim recitation of the language in Rule 604 was technically noncompliant with the rule, the Third District did not remand the cause for new postplea proceedings because the defendant did not raise a "claim of omitted legal contentions or of prejudice." *Scarbrough*, 2015 IL App (3d) 130426, ¶ 41.

¶ 12    In this case, the Rule 604(d) certificate states, in pertinent part, the following: "Consulted with the defendant in person to ascertain his contentions of error in the sentence or the entry of the plea of guilty." Thus, like the reviewing courts in *Mineau* and *Scarbrough*, we must address whether a certificate that tracks the verbatim language of Rule 604(d) is compliant with Rule 604(d) in light of the supreme court's decision in *Tousignant*.

¶ 13    Usually, as the Second District has recognized, the utilization of a rule's exact language is the best way to comply with a rule's requirement. See *People v. Herrera*, 2012 IL App (2d) 110009, ¶ 14, 970 N.E.2d 1219 (stating that using the rule's language verbatim "is the better practice"). However, the *Tousignant* decision declared the general disjunctive meaning of the word "or" in Rule 604(d) did not apply in that context and, in fact, "or" meant the conjunctive "and." *Tousignant*, 2014 IL 115329, ¶ 20, 5 N.E.3d 176. Since *Tousignant* did not apply the ordinary meaning of "or," the use of the word "or" in a Rule 604(d) certificate does not really indicate what counsel actually did regarding the ascertainment of contentions of error related to both the defendant's guilty plea and sentence. See *Tousignant*, 2014 IL 115329, ¶ 27, 5 N.E.3d 176 (Thomas, J., specially concurring); *Scarbrough*, 2015 IL App (3d) 130426, ¶ 38. Moreover, contrary to *Mineau* and the State's argument, the supreme court did indicate its intent to change what a Rule 604(d) certificate must state when it declared "counsel is required to certify that he has consulted with the defendant 'to ascertain defendant's contentions of error in the sentence *and* the entry of the plea of guilty.' " (Emphasis in original.) *Tousignant*, 2014 IL 115329, ¶ 20, 5 N.E.3d 176. While the supreme court has not amended Rule 604(d) to be consistent with its holding in *Tousignant*, we will not overlook the aforementioned directive given by the *Tousignant* majority. Accordingly, we agree with the Third District in *Scarbrough* that a Rule 604(d) certificate, which uses Rule 604(d)'s verbatim language with the "or," does not precisely show compliance with Rule 604(d) as explained by our supreme court in *Tousignant*.

¶ 14    While we agree with the Third District's interpretation of *Tousignant*, we find remand for strict compliance with *Tousignant* is appropriate.

¶ 15                        III. CONCLUSION

¶ 16    For the reasons stated, we reverse the Champaign County circuit court's denial of defendant's motion to withdraw his guilty plea and remand for proceedings in strict compliance with Rule 604(d)'s requirements as explained by our supreme court in *Tousignant* and this opinion.

¶ 17    Reversed and remanded.