2015 IL App (2d) 141202
No. 2-14-1202
Opinion filed September 23, 2015
Modified upon denial of rehearing October 23, 2015

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 14-CF-1993 |
| GORDON R. MARTELL, | ) ) | Honorable Victoria A. Rossetti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BIRKETT delivered the judgment of the court, with opinion.
Presiding Justice Schostok and Justice McLaren concurred in the judgment and opinion.

**OPINION**

¶ 1  On September 29, 2014, defendant, Gordon R. Martell, entered a negotiated plea of guilty

to unlawful restraint (720 ILCS 5/10-3(a) (West 2014)) and was sentenced to the agreed term of

12 months in prison.  On October 8, 2014, he moved to withdraw his plea, alleging that he had

not been given the time to make a fully informed decision.  On October 29, 2014, defendant's

attorney filed a certificate of compliance with Illinois Supreme Court Rule 604(d) (eff. Feb. 6,

2013).  The certificate stated that the attorney had:

> "1. Consulted with the Defendant in person on October 6, 2014 and on the phone
>
> on 10/14/2014 to ascertain her [*sic*] contentions of error in the entry of the plea of guilty;

2. Examined the trial court file and report of proceedings of the plea of guilty;

3. Made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."

¶ 2    On October 29, 2014, the trial court denied defendant's motion.  He timely appealed.  On appeal, defendant argues that the order denying his motion must be vacated, and the cause remanded, because the attorney's Rule 604(d) certificate was deficient.  For the following reasons, we agree.

¶ 3    Rule 604(d) reads, in pertinent part:

"No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment.  ***  The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain [the] defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." *Id.*

¶ 4    Rule 604(d) requires strict compliance; the remedy for noncompliance is to vacate the denial of the postjudgment motion and remand the cause.  See *People v. Janes*, 158 Ill. 2d 27, 35-36 (1994); *People v. Herrera*, 2012 IL App (2d) 110009, ¶¶ 13-14.  Our review is *de novo*. *People v. Neal*, 403 Ill. App. 3d 757, 760 (2010).

¶ 5    Defendant's argument is straightforward.  Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013) requires the defendant's trial attorney to certify, among other things, that "the attorney has consulted with the defendant either by mail or in person to ascertain [the] defendant's

contentions of error *in the sentence or the entry of the plea of guilty*." (Emphasis added.) In *People v. Tousignant*, 2014 IL 115329, which involved an open plea, the supreme court held that the quoted language requires the attorney to certify that he or she has consulted with the defendant " 'to ascertain [the] defendant's contentions of error in the sentence *and* the entry of the plea of guilty.' " (Emphasis in original.) *Id.* ¶ 20. Defendant observes that his trial counsel's certificate stated that he had consulted with defendant to ascertain only his "contentions of error in the plea of guilty." He concludes that, because the attorney did not certify that he had consulted with defendant about the sentence, the certificate did not comply strictly with the rule.

¶ 6 The State responds that applying *Tousignant*'s rule would make no sense here, because defendant agreed to a specific sentence, which the trial court then imposed. As the plea was fully negotiated, the court did not exercise any discretion in sentencing (beyond accepting the parties' bargain). The State argues that construing "or" to mean "and," as *Tousignant* required with an open plea, serves no purpose if the trial court did nothing in sentencing but accept the parties' agreement: requiring the attorney to consult with the defendant about contentions of error in an agreed sentence would mandate "consultations *** that could only be meaningless."

¶ 7 We start with *Tousignant*. There, the defendant entered an open guilty plea to a drug offense. After the trial court accepted the plea and sentenced him, he filed a motion to reconsider the sentence. His attorney's Rule 604(d) certificate stated that he had consulted with the defendant in order to ascertain his contentions of error " 'in the sentence imposed,' " but not as to the entry of the plea. *Id.* ¶ 4. The trial court denied the motion. *Id.* The appellate court agreed with the defendant that the certificate was defective for failing to state that the attorney had consulted with the defendant about the entry of the plea. *Id.* ¶ 5.

¶ 8 The supreme court affirmed the appellate court. It noted that, although the rule requires a statement that "the attorney has consulted with the defendant *** to ascertain [the] defendant's contentions of error in the sentence *or* the entry of the plea of guilty" (emphasis added) (Ill. S. Ct. R. 604(d) (eff. Feb. 6, 2013)), even the State conceded that "counsel may not choose [only] one of these arbitrarily as the subject of the consultation." *Tousignant*, 2014 IL 115329, ¶ 10. Nor should the attorney be required to consult the defendant on only the portion of the judgment that is later challenged in the postjudgment motion: so limiting the attorney's obligation is neither compelled by the rule's language nor consistent with its intent, which is "to ensure that counsel has reviewed the defendant's claim and considered *all* relevant bases for the motion to withdraw the guilty plea or to reconsider the sentence." (Emphasis in original.) *Id.* ¶ 16. Allowing the attorney to consult with the defendant about only the sentence would frustrate the rule's purpose of enabling the trial court to address any alleged error that might have produced the guilty plea. *Id.* ¶ 18. Requiring consultation about both the plea and the sentence would make it "more likely, rather than less likely, that all of the contentions of error were included in the post-plea motion, enabling the trial court to address and correct any improper conduct or errors of the trial court that may have produced the guilty plea." *Id.* ¶ 19.

¶ 9 *Tousignant* involved an open plea, in which the trial court held a full sentencing hearing and was unconstrained by any agreement on the sentence. The parties here disagree on whether, or to what extent, *Tousignant* applies to a negotiated plea and, specifically, to a fully negotiated plea such as the one here. From the internal evidence, defendant has the better argument: nothing in *Tousignant*'s reasoning relies on the fact that the plea there was open, and nothing in the opinion states that its holding is limited to open pleas. Further, *Tousignant* emphasizes that the sufficiency of the consultation does not depend on the scope of the motion that counsel files

afterward. *Tousignant* does not suggest that, if the plea is negotiated, counsel may consult the defendant only about the plea.

¶ 10    We note that Rule 604(d) states, "No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. Feb. 6, 2013).   Nonetheless, even when the plea is negotiated, a defendant may move only to reconsider his sentence and may appeal from that judgment—as long as the motion and the appeal are based on something other than a contention that the sentence is merely excessive.   See *People v. Palmer-Smith*, 2015 IL App (4th) 130451, ¶ 28 (defendant who pleaded guilty in exchange for sentencing cap was not barred from arguing in motion to reconsider sentence that trial court considered improper factors); *People v. Hermann*, 349 Ill. App. 3d 107, 114 (2004) (defendant's motion was proper, as it alleged not that sentence was excessive but that trial court lacked authority to impose it); *People v. Economy*, 291 Ill. App. 3d 212, 219 (1997) (defendant who enters negotiated guilty plea may proceed on motion to reconsider sentence arguing that trial court considered improper factors).

¶ 11    With a partially negotiated guilty plea and a sentence entered thereon, the defendant might well have concerns about both the entry of the plea and the sentence, and there is no basis in logic or policy to depart from the requirement of Rule 604(d), as construed by *Tousignant*, that the defendant's attorney " 'ascertain [the] defendant's contentions of error in the sentence *and the entry of the plea of guilty.*' "   (Emphasis in original.)   *Tousignant*, 2014 IL 115329, ¶ 20. Because the defendant who enters a partially negotiated plea may still move to reconsider both the entry of the plea and the sentence, there is no reason to allow the attorney to be concerned

with only one or the other. *Tousignant* does not support limiting the consultation requirement merely because the defendant entered a partially negotiated plea.

¶ 12    The *context* is different when the defendant has entered a fully negotiated guilty plea, but it does not follow that the *rule* must receive a different interpretation. True, the differences are significant. When the trial court sentences a defendant to a specific term to which he has (apparently) agreed, the court does not exercise the discretion that it does, for example, when the parties have agreed only to a sentencing cap. Although the court retains the initial authority to reject the agreement, once it accepts the agreement it simply enters a predetermined sentence. It does not weigh sentencing factors and thus does not consider arguably improper ones.

¶ 13    On the other hand, the court might be faced with an agreed sentence that it lacks the authority to impose. Or, the agreed sentence might suffer from some other infirmity, such as omitting or misstating the appropriate term of mandatory supervised release. Thus, even with a fully negotiated plea, the trial court's role in sentencing, and the potential for sentencing error, have dwindled but not wholly disappeared. Therefore, even after the imposition of an agreed sentence, the defendant's attorney ought not forgo all concern about infirmities in the sentence.

¶ 14    We return to Rule 604(d)'s consultation requirement, as construed by *Tousignant*. As noted, there is nothing in *Tousignant* that explicitly, or even by reasonable implication, limits the attorney's dual obligation to a particular type of plea. The court could have so limited its holding to the type of plea before it—an open plea, with full judicial discretion at sentencing—but it did not do that. As important, or more so, nothing in the rule itself states or implies that the consultation requirement's scope depends on the type of plea on which the judgment is based.

¶ 15    Beyond the rule itself and *Tousignant*, we also note *People v. Mason*, 2015 IL App (4th) 130946. There, the defendant agreed to plead guilty to criminal sexual abuse, and the State

agreed to dismiss a charge of criminal sexual assault and recommend a sentence of 30 months' probation. The trial court accepted the negotiated plea, dismissed the sexual-assault charge, and sentenced the defendant accordingly. *Id.* ¶ 4. The defendant then moved to withdraw his plea, alleging a speedy-trial violation. *Id.* ¶ 5. His attorney's Rule 604(d) certificate copied the language of the rule, stating that the attorney had consulted with the defendant " 'to ascertain his contentions of error in the sentence or the entry of the plea of guilty.' " *Id.* ¶ 12 (quoting Ill. S. Ct. R. 604(d) (eff. Feb. 6, 2013)).

¶ 16    On appeal, the defendant contended that the certificate was defective in light of *Tousignant*. The appellate court agreed. The court first discussed *People v. Mineau*, 2014 IL App (2d) 110666-B, which involved a similarly phrased Rule 604(d) certificate in a case where there was no agreement on sentencing. In *Mineau*, we held that the certificate satisfied *Tousignant*'s requirement that the attorney consult with the defendant about both sentencing and the proceedings that led to the guilty plea. *Mason*, 2015 IL App (4th) 130946, ¶ 10; see *Mineau*, 2014 IL App (2d) 110666-B, ¶ 18. We noted that, because defense counsel filed both a motion to withdraw the plea and an alternative motion to reconsider the sentence, it was reasonable to infer that defense counsel consulted with the defendant about both types of error. *Mineau*, 2014 IL App (2d) 110666-B, ¶ 18.

¶ 17    The *Mason* court then noted that, in *People v. Scarbrough*, 2015 IL App (3d) 130426, ¶ 39, the Third District disagreed with *Mineau* that "a verbatim recital of the rule complies with Rule 604(d)'s certificate requirement." *Mason*, 2015 IL App (4th) 130946, ¶ 11. The Fourth District agreed with *Scarbrough* that reproducing the pertinent verbiage of Rule 604(d) does not demonstrate compliance therewith, and (unlike the Third District in *Scarbrough* (*Scarbrough*,

2015 IL App (3d) 130426, ¶ 41)) it remanded for strict compliance. *Mason*, 2015 IL App (4th) 130946, ¶ 14.

¶ 18    For our present purposes, the importance of *Mason* is not its explicit holding about the phraseology that is needed to comply with *Tousignant*, but its implicit holding that *Tousignant*'s rule of full consultation applies even when the parties have agreed on a specific sentence and the trial court does not exercise discretion in sentencing. *Mason* involved an agreement on a specific sentence, but the court held that trial counsel was still obligated to consult with the defendant about possible errors in both sentencing *and* the proceedings that resulted in the entry of the plea of guilty. Thus, *Mason* supports defendant here.

¶ 19    In view of the text of Rule 604(d); the construction of the rule in *Tousignant*; and *Mason*'s implicit holding that *Tousignant* applies even when the parties have negotiated a specific sentence, we shall not carve out an exception, by implication, for fully negotiated guilty pleas. The requirement that the attorney consult with the defendant about both the plea and sentencing even when the sentence was predetermined by the plea agreement might seem hypertechnical. Nonetheless, we believe that any qualification of the categorical language of Rule 604(d) is the prerogative of our supreme court, not this court. If the intent of the rule is to allow a defense attorney in a situation such as the one here to forgo consultation about any errors in sentencing, then "the rule should be amended to more accurately reflect [the] court's intent." *Tousignant*, 2014 IL 115329, ¶ 27 (Thomas, J., specially concurring).

¶ 20    Moreover, we note that it is not difficult for an attorney to consult with the defendant about both the entry of the guilty plea and the sentence. The construction of Rule 604(d) might be obscure in some respects, but, after *Tousignant*, a reasonable measure of caution should avoid the type of issue that we face here.

¶ 21　Given the foregoing, we must conclude that defendant's attorney failed to comply with Rule 604(d).  Thus, we vacate the order denying defendant's postjudgment motion and remand the cause for (1) the filing of a valid Rule 604(d) certificate; (2) the opportunity to file a new motion; and (3) a new motion hearing.  See *People v. Lindsay*, 239 Ill. 2d 522, 531 (2011).

¶ 22　For the foregoing reasons, the order of the circuit court of Lake County is vacated, and the cause is remanded.

¶ 23　Vacated and remanded.