2016 IL App (3d) 140262

Opinion filed May 6, 2016

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2016

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Tazewell County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-14-0262 Circuit No. 13-CF-282 |
| | ) | |
| DAVID JORDAN, | ) ) | Honorable Kevin R. Galley, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McDADE delivered the judgment of the court, with opinion.
Presiding Justice O'Brien and Justice Schmidt concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, David Jordan, pled guilty to first degree murder.  Defendant subsequently filed a motion to withdraw his guilty plea, which the trial court denied.  Defendant appeals arguing that postplea counsel failed to strictly comply with Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013) because he did not certify that he consulted with defendant to ascertain defendant's contentions of error in the entry of the guilty plea.  We reverse and remand for new postplea proceedings.

¶ 2                                                    FACTS

¶ 3    The State charged defendant by indictment with three counts of first degree murder (720 ILCS 5/9-1(a)(1), (a)(2) (West 2012)).  Count I alleged that defendant, with the intent to kill or do great bodily harm, shot and killed Larry Vandyke with a firearm.  The trial court appointed two attorneys to represent defendant.

¶ 4    Ultimately, defendant pled guilty to the first count (intentional murder).[1]  The parties agreed to a negotiated plea of 50 years' imprisonment.  The term included 25 years' imprisonment for murder, plus 25 years for the firearm enhancement.  In addition, the State agreed not to file any drug charges against defendant.

¶ 5    Subsequently, defendant filed five *pro se* motions to withdraw his guilty plea.  Defendant also filed several *pro se* notices of appeal.  Defendant's attorneys subsequently filed a motion that requested the trial court to strike the notices of appeal without prejudice as being premature.  The motion also asked for leave to file an amended motion to withdraw defendant's guilty plea.  The trial court granted the requests.

¶ 6    Postplea counsel appeared on defendant's behalf and filed an amended motion to withdraw the guilty plea.  Along with that motion, postplea counsel filed a Rule 604(d) certificate.  The certificate states:

>    "Defense Counsel in the current case has consulted with the Defendant in person to ascertain defendant's contentions of error in the sentence.  Further, Defense Counsel has examined the court file and reviewed the report of the proceedings to determine if any additional amendments needed to be added for the adequate presentation of any defects in the proceedings to perfect the Defendant's right to appeal."

---

[1]Counts II and III were dismissed.

2

¶ 7        The State filed a response to defendant's motion.  After a hearing, the trial court denied defendant's motion to withdraw his guilty plea.

¶ 8                                         ANALYSIS

¶ 9        On appeal, defendant argues that postplea counsel's Rule 604(d) certificate failed to strictly comply with Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013).  Because postplea counsel failed to certify that he consulted with defendant to ascertain his contentions of error in the guilty plea, we find remand for new postplea proceedings is necessary.

¶ 10       Rule 604(d) requires a defendant seeking to appeal from a judgment entered upon a guilty plea to first file a motion to withdraw the guilty plea and vacate the judgment.  Ill. S. Ct. R. 604(d) (eff. Feb. 6, 2013).  The version of Rule 604(d) in effect at the time defendant moved to withdraw his guilty plea required that upon the filing of such a motion,

> "[t]he defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." *Id.*[2]

¶ 11       In this case, postplea counsel only certified that he consulted with defendant to ascertain his contentions of error in the sentence.  Postplea counsel did not certify that he consulted with

---

[2]During the pendency of this appeal, Rule 604(d) was amended to require postplea counsel to certify that counsel has consulted with defendant "to ascertain defendant's contentions of error in the sentence *and* the entry of the plea of guilty."  (Emphasis added.)  Ill. S. Ct. R. 604(d) (eff. Dec. 3, 2015).

defendant to ascertain his contentions of error in his guilty plea. Although the version of Rule 604(d) in effect at the time used the term "or," our supreme court has held that "counsel is required to certify that he has consulted with the defendant 'to ascertain defendant's contentions of error in the sentence *and* the entry of the plea of guilty.' " (Emphasis in original.) *People v. Tousignant*, 2014 IL 115329, ¶ 20. Because postplea counsel's certificate only certified that he consulted with defendant regarding defendant's contentions of error in the sentence, we find he did not strictly comply with the rule. *Id.* ¶ 23. The remedy for failure to strictly comply with the rule is remand for the filing of a new postplea motion (if defendant so desires), a hearing on that motion, and strict compliance with the rule. *Id.* ¶¶ 5, 23.

¶ 12   In reaching this conclusion, we reject the State's argument that remand is unnecessary because the deficiency in postplea counsel's certificate was merely an oversight. Specifically, the State argues that remand would be a waste of judicial resources because the record from the hearing on the motion shows that postplea counsel consulted with defendant regarding his contentions of error in the guilty plea. In other words, the State emphasizes the fact that defendant does not argue that he had objections to his plea that postplea counsel did not raise or that he was prejudiced by counsel's deficient certificate. In support, the State relies on *People v. Montag*, 2014 IL App (4th) 120993, and *People v. Scarbrough*, 2015 IL App (3d) 130426.

¶ 13   In *Montag* the reviewing court found that postplea counsel's Rule 604(d) certificate was technically deficient, but did not remand for strict compliance with the rule because defendant did not argue that postplea counsel failed to comply with the substantive requirements of the rule or argue how the technically deficient certificate undermined the purpose of Rule 604(d). *Montag*, 2014 IL App (4th) 120993, ¶ 25. We note, however, that *Montag* was decided prior to our supreme court's decision in *Tousignant*. Therefore, we disregard *Montag* as precedential in

4

light of our supreme court's directive in *Tousignant* that postplea counsel must strictly comply with the provisions of Rule 604(d) and failure to do so requires remand for strict compliance with the rule. *Tousignant*, 2014 IL 115329, ¶¶ 5, 23.

¶ 14    In *Scarbrough* (decided after *Tousignant*) postplea counsel filed a Rule 604(d) certificate that tracked *verbatim* the language of the version of Rule 604(d) at the time. *Scarbrough*, 2015 IL App (3d) 130426, ¶ 37. On review, this court found that postplea counsel's Rule 604(d) certificate was technically deficient, but went on to state:

> "That said, we find in the instant case that the defendant does not contend that he had objections to the entry of his guilty plea—independent of the sentencing issues that have been raised—that his counsel failed to include in his postplea proceedings. Rather he raises only a claim of a technical semantic defect in the Rule 604(d) certificate.
>
> We agree that the language used in the certificate was insufficiently precise and technically noncompliant, but defendant has raised no claim of omitted legal contentions or of prejudice. Accordingly we reject defendant's prayer for a remand for a more compliant Rule 604(d) certificate." *Id.* ¶¶ 40-41.

¶ 15    To the extent that *Scarbrough* suggests that a defendant on appeal challenging postplea counsel's technically deficient Rule 604(d) certificate must also show prejudice to obtain remand, it is incorrect. See *People v. Mason*, 2015 IL App (4th) 130946, ¶¶ 13-14 (agreeing with *Scarbrough* to the extent that a Rule 604(d) certificate which tracks the language of the rule is technically deficient, but holding that *Tousignant* requires remand for strict compliance); See also *O'Casek v. Children's Home & Aid Society of Illinois*, 229 Ill. 2d 421, 440 (2008) ("the opinion of one district, division, or panel of the appellate court is not binding on other districts,

divisions, or panels"). Again, *Tousignant* requires postplea counsel to strictly comply with the provisions of Rule 604(d) and failure to do so requires remand for strict compliance with the rule. *Tousignant*, 2014 IL 115329, ¶¶ 5, 23.

¶ 16    Thus, the holding in *Scarbrough*, which I authored, should not have included any reference to prejudice. Here, postplea counsel's certificate fails to reference any effort he made to ascertain defendant's contentions of error in his guilty plea. We will not excuse this oversight. See *People v. Willis*, 2015 IL App (5th) 130020, ¶ 23 (refusing to look beyond the four corners of a Rule 604(d) certificate).

¶ 17                                      CONCLUSION

¶ 18    The judgment of the circuit court of Tazewell County is reversed and remanded for new postplea proceedings.

¶ 19    Reversed and remanded.