# Illinois Official Reports

## Appellate Court

---

### *People v. Mineau*, 2014 IL App (2d) 110666-B

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARTINEZ L. MINEAU, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-11-0666 |
| Filed | September 29, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from defendant's entry of a guilty plea to unlawful possession of a stolen motor vehicle in exchange for the dismissal of a burglary charge, the appellate court rejected defendant's contention that he was entitled to a new hearing on his motion to withdraw his plea because his attorney at the hearing failed to file a certificate pursuant to Supreme Court Rule 604(d) and that the certificate filed by cocounsel was defective due to the use of the disjunctive "and/or" or "or" in two places, since there is no requirement that when defendant is represented by multiple attorneys from the same office, such as the public defender's office in defendant's case, that each attorney must file a Rule 604(d) certificate, and the certificate was sufficient, where it comported exactly with text of Rule 604(d). |
| Decision Under Review | Appeal from the Circuit Court of Winnebago County, No. 08-CF-4923; the Hon. Rosemary Collins, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Dev A. Parikh, of Wilmington, Delaware, for appellant.

Joseph P. Bruscato, State's Attorney, of Rockford (Lawrence M. Bauer and Jay Paul Hoffmann, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE HUDSON delivered the judgment of the court, with opinion.
Justice Birkett concurred in the judgment and opinion.
Justice Jorgensen specially concurred, with opinion.

**OPINION**

¶ 1 Defendant, Martinez L. Mineau, was charged with burglary (720 ILCS 5/19-1(a) (West 2008)) and unlawful possession of a stolen motor vehicle (625 ILCS 5/4-103(a) (West 2008)). Pursuant to an agreement with the State, he pleaded guilty to the unlawful-possession charge and the State dismissed the burglary charge. Defendant later moved to withdraw the plea. Following a hearing, the trial court denied the motion. Defendant appeals, contending that the cause should be remanded for a new hearing where an attorney who represented him at the hearing did not file a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2006) and the certificate that cocounsel filed was insufficient. We affirm.

¶ 2 Defendant was indicted on January 8, 2009. Represented by Assistant Public Defender Erin Hannigan, he pleaded not guilty. Questions soon arose about defendant's fitness to stand trial but, following a hearing, the court found him fit.

¶ 3 On August 24, 2010, defendant pleaded guilty to unlawful possession of a stolen motor vehicle in exchange for the dismissal of the burglary charge. There was no agreement about a sentence. Ultimately, the trial court sentenced defendant to 8 years' imprisonment, with credit for 668 days he spent in presentencing custody.

¶ 4 Hannigan filed on defendant's behalf a motion to withdraw the plea or, alternatively, to reconsider the sentence. At a January 13, 2011, court appearance, Hannigan told the court that defendant's case was being reassigned to a new public defender, David Doll. Nonetheless, Hannigan filed an amended postplea motion and a Rule 604(d) certificate. The certificate stated:

"I hereby state that I have consulted with the Defendant, Martinez Mineau, by mail and/or in person, to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty; have examined the trial court file and report of proceedings of the plea of guilty; and have made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."

¶ 5        Both Hannigan and Doll appeared at the hearing on the motion, although Doll questioned defendant and argued on his behalf. Following the hearing, the trial court denied the motion. Defendant, through Hannigan, filed a timely notice of appeal.

¶ 6        Defendant contends that he is entitled to a new hearing on his postplea motion because Doll, who questioned him and delivered the closing argument at the hearing, did not file a Rule 604(d) certificate. Defendant alternatively contends that the certificate Hannigan filed is defective because it uses the disjunctive "and/or" or "or" in two places.

¶ 7        In our initial disposition, we affirmed the trial court's denial of defendant's motion, holding that Hannigan's certificate was sufficient. *People v. Mineau*, 2012 IL App (2d) 110666-U. Subsequently, the supreme court directed us to vacate our disposition and to reconsider in light of *People v. Tousignant*, 2014 IL 115329. *People v. Mineau*, No. 115324 (Ill. May 28, 2014) (supervisory order). Having done so, we conclude that *Tousignant* does not dictate a different result.

¶ 8        Rule 604(d) requires that, when a defendant moves to withdraw a guilty plea or to reconsider a sentence imposed following a guilty plea, "[t]he defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2006). It is well established that "[d]efense counsel must strictly comply with Rule 604(d)'s certificate requirement, and, when counsel fails to do so, the case must be remanded to the trial court for proceedings in compliance with the rule." *People v. Love*, 385 Ill. App. 3d 736, 737 (2008).

¶ 9        Nothing in the rule's plain language requires that, when a defendant is simultaneously represented by multiple attorneys from the same office, each attorney must file a certificate. In arguing for such a rule, defendant relies on two cases, *People v. Herrera*, 2012 IL App (2d) 110009, and *People v. Ritchie*, 258 Ill. App. 3d 164 (1994), that are distinguishable.

¶ 10       In *Herrera*, the attorney who filed the certificate left the public defender's office to become a judge, and a different attorney from the office represented the defendant at the hearing. *Herrera*, 2012 IL App (2d) 110009, ¶ 5. Thus, we held, "Without a compliant certificate filed by the attorney who represents the defendant at his or her postplea hearing, the court has no assurance that the attorney *presenting* the motion has a grasp of the record and the defendant's contentions of error." (Emphasis in original.) *Id.* ¶ 11. Our concern was that the record did not disclose that the first attorney had conferred with the second about the contentions he had discussed with the defendant. *Id.* ¶ 12.

¶ 11       In *Ritchie*, the attorney who filed the certificate was still employed by the public defender's office, but the record did not show that he continued to represent the defendant or appeared at the hearing. Our primary holding was that the certificate the first attorney filed did not comply with the rule. *Ritchie*, 258 Ill. App. 3d at 166. We further noted that the certificate was not filed by the attorney who actually represented the defendant at the hearing. *Id.* Moreover, there was no indication in the record that the second attorney actually consulted with the first attorney or with the defendant. *Id.* at 167.

¶ 12       The problem that concerned us in *Herrera* and *Ritchie* is not present here, where Hannigan continued to represent defendant and, indeed, attended the hearing. The record shows that, despite Hannigan's earlier statement that the case was being "reassigned," she

filed an amended motion, appeared at the hearing on it, and filed the notice of appeal. When an attorney leaves an office, depending on the circumstances, he or she might or might not discuss pending files with his or her replacement. Thus, the concern in *Herrera* was justified. Here, it is simply not reasonable to assume that Hannigan, while continuing to represent defendant, assigned Doll substantial responsibility for the file but did not discuss with him defendant's contentions of error that were the basis of Doll's questioning at the hearing. Moreover, Hannigan, who drafted and filed the motion, appeared at the hearing. We refuse to assume that Hannigan sat at the counsel table with Doll but did not discuss the case with him before letting him question defendant.

¶ 13    Defendant insists that such an inference is reasonable here because, although the motion alternatively sought reconsideration of the sentence, Doll did not mention that aspect of it at all. Defendant cites no case for the proposition that an attorney arguing a motion must specifically mention each point argued in the written motion. Doll and Hannigan could reasonably have concluded that the argument for withdrawing the plea was stronger and that they should focus on it. Moreover, the argument for reconsidering the sentence was relatively straightforward and did not require defendant's testimony.

¶ 14    While it might have been better practice for Doll to file his own certificate, we hold that, where Hannigan prepared and filed the motion and continued to represent defendant throughout the proceedings, a new certificate by Doll was not required. Because we conclude that *Herrera* and *Ritchie* are distinguishable, we decline the State's invitation to reconsider those decisions.

¶ 15    Defendant alternatively contends that the certificate Hannigan filed is deficient. This is so, he claims, because the certificate uses the disjunctive "and/or" or "or" in two places. We disagree. The certificate states that counsel consulted with defendant "by mail and/or in person," to ascertain his contentions of error. However, we know of no requirement that counsel must specify precisely how he or she communicated with the defendant. Defendant relies on *People v. Prather*, 379 Ill. App. 3d 763, 767-69 (2008). There, however, although the court found the certificate deficient, it rejected the defendant's argument that the certificate had to specify the method of consultation. It is sufficient that the certificate shows that at least one of the approved means of communication was used, even if it is not clear which one.

¶ 16    Nor do we find fault in the portion of the certificate stating that counsel consulted with defendant "to ascertain defendant's contentions of error in the sentence *or* the entry of the plea of guilty" (emphasis added). Ill. S. Ct. R. 604(d) (eff. July 1, 2006). This comports exactly with the rule's text. Courts have repeatedly held that a certificate need not recite *verbatim* the rule's language. See *People v. Wyatt*, 305 Ill. App. 3d 291, 297 (1999). However, we are aware of no case finding a certificate insufficient for following the rule's language too closely.

¶ 17    In *Tousignant*, the supreme court held that, in order to effectuate the rule's purpose, an attorney must consult with his or her client about both types of error: in the plea proceedings and in the sentence. In other words, "or," as used in the rule, means "and." Thus, an attorney must certify that he or she has consulted with a defendant " 'to ascertain defendant's contentions of error in the sentence *and* the entry of the plea of guilty.' " (Emphasis in original.) *Tousignant*, 2014 IL 115329, ¶ 20. Moreover, this is so even where the defendant files only one type of postplea motion. *Id.* ¶ 21.

- 4 -

¶ 18 Given that "or" in the rule means "and," counsel's certificate here literally complies. Nothing in *Tousignant* demonstrates an intention to change the rule's literal language or to change what a certificate must state. Further, we note that, given that counsel filed on defendant's behalf a motion to withdraw the plea or, in the alternative, to reconsider the sentence, it is reasonable to infer that counsel consulted with defendant about both types of error.

¶ 19 We note that, in his special concurrence in *Tousignant*, Justice Thomas anticipated this situation, pointing out that literal compliance could lead to uncertainty as to whether counsel consulted with his or her client about both types of error. However, he implicitly found that using "or" complies with the rule as presently written. *Id.* ¶ 27 (Thomas, J., specially concurring).

¶ 20 The judgment of the circuit court of Winnebago County is affirmed.

¶ 21 Affirmed.

¶ 22 JUSTICE JORGENSEN, specially concurring.

¶ 23 I agree with the outcome and analysis of the majority decision. I write separately to emphasize that, as the majority notes, there is a better practice. While not a basis to reverse here, the better practice would have been for attorney Doll to file his own Rule 604(d) certificate.

¶ 24 Further, while the content of the certificate filed by attorney Hannigan recites the letter of Rule 604(d), it does not specifically state what counsel did or did not do. In the wake of *Tousignant*, the "or" in Rule 604(d) now means "and." Thus, the better practice going forward would be for counsel to use *only* "and" (as opposed to "or" or "and/or") to certify that he or she has consulted with the defendant on *both* issues (plea and sentence). If counsel would do so, courts would not need to assume that, when counsel wrote "or," he or she meant "and," and the scope of counsel's consultation would not need illumination by collateral sources, such as the motion.

¶ 25 Similarly, although the majority is correct that there is no authority for defendant's contention that counsel's Rule 604(d) certificate is insufficient because she used the language "and/or" in the designation of *how* she communicated with defendant, I again suggest that clarity should prevail and that the better practice is for counsel to certify with specificity how he or she consulted with the defendant (*e.g.*, in person, by mail, or both).

¶ 26 In sum, the purpose of Rule 604(d) is to ensure that counsel has communicated with the defendant to ascertain his or her contentions of error in both the plea and the sentence. It is a logical step to require counsel to specifically certify that he or she has consulted with the defendant about both the plea and the sentence and whether that consultation took place by mail or in person or both. Doing so would provide both the trial and appellate courts with the clearest averments upon which to judge whether counsel fulfilled his or her obligations under Rule 604(d).