2015 IL App (4th) 130990

NO. 4-13-0990

**FILED**
October 22, 2015
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| CEDRIC HOBBS, | ) | No. 12CF1220 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Robert L. Freitag, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court, with opinion.
Presiding Justice Pope and Justice Steigmann concurred in the judgment and opinion.

**OPINION**

¶ 1        In January 2013, defendant, Cedric Hobbs, entered an open plea to unlawful possession of a controlled substance with the intent to deliver (720 ILCS 570/401(a)(2)(A) (West 2010)).  In August 2013, the trial court sentenced defendant to 15 years' imprisonment, with credit for 287 days served in custody, and ordered him to pay certain assessments.  Defendant filed a motion to reconsider the sentence, which the court denied.  Defendant appeals, asserting he is entitled to a remand for new postplea proceedings under Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013), as trial counsel failed to certify he consulted with defendant regarding defendant's contentions of error in *both* his sentence *and* his guilty plea.  We agree and remand for further proceedings.

¶ 2                                    I. BACKGROUND

¶ 3          In November 2012, a McLean county grand jury returned a bill of indictment

charging defendant with one count of unlawful possession of a controlled substance with the

intent to deliver, a Class X felony (count I) (720 ILCS 570/401(a)(2)(A) (West 2010)), and one

count of unlawful possession of a controlled substance, a Class 1 felony (count II) (720 ILCS

570/402(a)(2)(A) (West 2010)).

¶ 4          In July 2013, the trial court commenced a jury trial on both counts.  In the midst

of the State's presentation of its case, defendant indicated his desire to enter an open plea to

count I.  Outside the presence of the jury, the court accepted defendant's guilty plea.  Count II

was eventually nol-prossed.

¶ 5          In August 2013, the trial court sentenced defendant to 15 years' imprisonment,

with credit for 287 days served in custody, and ordered him to pay certain assessments.  Defense

counsel filed on defendant's behalf a motion to withdraw the plea or, in the alternative, to

reconsider the sentence.

¶ 6          In October 2013, the trial court held a hearing on defendant's motion.  At the

hearing, defendant amended his motion, requesting the court to only reconsider the sentence.

Defense counsel offered the court a certificate averring compliance with Illinois Supreme Court

Rule 604(d) (eff. Feb. 6, 2013).  The court requested defense counsel to complete the court's

form Rule 604(d) certificate, believing it better comported with the statutory language.  (Defense

counsel's initial Rule 604(d) certificate is not contained in the record on appeal.)

¶ 7          Defense counsel completed the trial court's form Rule 604(d) certificate.  The

certificate indicated defense counsel: (1) "consulted with the defendant *** in person to ascertain

defendant's contentions of error in the sentence *or* the entry of the plea of guilty" (Emphasis added); (2) "examined the trial court file and the report of proceedings of the plea of guilty"; and (3) "made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." The court accepted defense counsel's Rule 604(d) certificate. Following argument, the court denied defendant's amended motion to reconsider the sentence.

¶ 8        This appeal followed.

¶ 9                                II. ANALYSIS

¶ 10        On appeal, defendant asserts he is entitled to a remand for new postplea proceedings under Rule 604(d), as trial counsel failed to certify he consulted with him regarding his contentions of error in *both* his sentence *and* his guilty plea. Specifically, defendant contends defense counsel's Rule 604(d) certificate, indicating he consulted with the defendant as to "defendant's contentions of error in the sentence or the entry of the plea of guilty," fails to comply with *People v. Tousignant*, 2014 IL 115329, ¶ 20, 5 N.E.3d 176. Defendant asserts, pursuant to *Tousignant* and the purpose underlying Rule 604(d), "quoting the language of the rule cannot be sufficient for strict compliance as this creates uncertainty as to whether counsel actually did comply by consulting with a defendant on both requirements, or failed to comply by just consulting with the defendant on the plea *or* the sentence." (Defendant's emphasis.)

¶ 11        In response, the State's brief contends "the takeaway from *Tousignant* is that 'or' means 'and,' *not* that counsel must write 'and' instead of 'or.' " (Emphasis in original.) In support, the State cites (1) the majority's explanation in *Tousignant*, 2014 IL 115329, ¶ 20, 5 N.E.3d 176, the word "or" is "considered to mean 'and,' "; and (2) Justice Thomas's special concurrence in *Tousignant*, 2014 IL 115329, ¶¶ 26-27, 5 N.E.3d 176 (Thomas, J., specially

- 3 -

concurring), which pointed out reading "or" as "and" effectuated the intent of Rule 604(d) and noted the rule should be amended to avoid confusion.  The State further asserts its reading is supported by the Second District's interpretation of *Tousignant* in *People v. Mineau*, 2014 IL App (2d) 110666-B, ¶ 18, 19 N.E.3d 633, which found "[n]othing in [the supreme court's opinion] demonstrates an intention to change the rule's literal language or to change what a certificate must state."  Therefore, the State avers no error occurred where defense counsel's Rule 604(d) certificate literally complied with Rule 604(d) as written.

¶ 12        As the issue presented raises questions of compliance with Illinois Supreme Court rules, our review is *de novo*.  *People v. Neal*, 403 Ill. App. 3d 757, 760, 936 N.E.2d 726, 728 (2010).

¶ 13                              A. Rule 604(d)

¶ 14        Rule 604(d) provides, in relevant part:

"No appeal from a judgment entered upon a plea of guilty shall be

taken unless the defendant, within 30 days of the date on which

sentence is imposed, files in the trial court a motion to reconsider

the sentence, if only the sentence is being challenged, or, if the

plea is being challenged, a motion to withdraw the plea of guilty

and vacate the judgment.  ***  The defendant's attorney shall file

with the trial court a certificate stating that the attorney [(1)] has

consulted with the defendant [(a)] either by mail or in person [(b)]

to ascertain defendant's contentions of error in the sentence or the

entry of the plea of guilty, [(2)] has examined [(a)] the trial court

- 4 -

file and [(b)] report of proceedings of the plea of guilty, and [(3)] has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings. *** Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived." Ill. S. Ct. R. 604(d) (eff. Feb. 6, 2013).

¶ 15        B. *Tousignant*: In Order To Effectuate the Intent of Rule 604(d), Counsel Is
Required To Certify He Consulted With Defendant "To Ascertain Defendant's
Contentions of Error in the Sentence *And* the Entry of the Guilty Plea."

¶ 16        In *Tousignant*, 2014 IL 115329, ¶ 7, 5 N.E.3d 176, the supreme court considered "whether Rule 604(d) requires counsel to certify that he consulted with the defendant regarding defendant's contentions of error in the sentence *and* the guilty plea, or only regarding contentions of error relevant to the defendant's post-plea motion." (Emphasis in original.)

¶ 17        In *Tousignant*, 2014 IL 115329, ¶¶ 3-4, 5 N.E.3d 176, the defendant filed a motion to reconsider his sentence on an open guilty plea. On the same day, defense counsel filed a Rule 604(d) certificate, alleging, in relevant part, he spoke with the defendant to ascertain his " 'contentions of error in the sentence imposed.' " *Tousignant*, 2014 IL 115329, ¶ 4, 5 N.E.3d 176. Following a hearing, the trial court denied defendant's motion. *Tousignant*, 2014 IL 115329, ¶ 4, 5 N.E.3d 176. The defendant appealed. *Tousignant*, 2014 IL 115329, ¶ 4, 5 N.E.3d 176.

¶ 18        A divided panel of this court reversed and remanded, concluding defense

counsel's certificate did not strictly comply with Rule 604(d), as it failed to demonstrate counsel consulted with the defendant about possible errors in his guilty plea. *Tousignant*, 2014 IL 115329, ¶ 1, 5 N.E.3d 176; *People v. Tousignant*, 2012 IL App (4th) 120650-U, ¶ 13. The State filed a petition for leave to appeal, which was granted. *Tousignant*, 2014 IL 115329, ¶ 1, 5 N.E.3d 176.

¶ 19          On appeal to the supreme court, the State argued the word "or" in Rule 604(d) is disjunctive, requiring counsel to consult with a defendant only about contentions of error in the motion that is filed. *Tousignant*, 2014 IL 115329, ¶¶ 9-10, 5 N.E.3d 176. The supreme court rejected the State's argument that "or" is disjunctive in all circumstances, finding, when a literal meaning is at variance with the purpose of a rule, the word "or" can be considered to mean "and." See *Tousignant*, 2014 IL 115329, ¶¶ 11-12, 5 N.E.3d 176.

¶ 20          The supreme court summarized:

> "[A] main purpose of Rule 604(d) is to ensure that any improper conduct or other alleged improprieties that may have produced a guilty plea are brought to the trial court's attention *before* an appeal is taken, thus enabling the trial court to address them at a time when witnesses are still available and memories are fresh. Toward that end, the rule's certificate requirement is meant to enable the trial court to ensure that counsel has reviewed the defendant's claim and considered *all* relevant bases for the motion to withdraw the guilty plea or to reconsider the sentence." (Emphases in original.) *Tousignant*, 2014 IL 115329, ¶ 16, 5 N.E.3d 176.

¶ 21    The supreme court found the State's literal reading of the word "or" at variance with the rule's purpose. *Tousignant*, 2014 IL 115329, ¶ 18, 5 N.E.3d 176.  It found the disjunctive reading insisted on by the State blocked the goal of allowing trial courts to address potential improprieties in the guilty plea before an appeal is taken. *Tousignant*, 2014 IL 115329, ¶ 18, 5 N.E.3d 176.  The court offered the following hypothetical to illustrate how the State's disjunctive reading could frustrate the rule's ultimate purpose of eliminating needless trips to the appellate court:

> "If, for example, counsel certifies that he has consulted with the defendant only about defendant's contentions of error regarding the sentence, the possibility remains that the defendant might have had contentions of error about the guilty plea but failed to mention them.  At a minimum, counsel's certificate, indicating he consulted with defendant only about contentions of error in the sentence, would fall short of assuring the trial court that counsel had reviewed the defendant's claim and considered *all* relevant bases for the post-plea motion.  Worse still is the possibility that defendant actually had concerns about the guilty plea which were not discussed with counsel, and were omitted from the motion.  Such a result would run directly counter to the rule's purpose of enabling the trial court to immediately correct, before an appeal is taken, any improprieties that might have produced the guilty plea."

(Emphasis in original.) *Tousignant*, 2014 IL 115329, ¶ 18, 5 N.E.3d 176.

¶ 22　　The supreme court found interpreting "or" in the clause of the rule as "and" would further the rule's purpose. *Tousignant*, 2014 IL 115329, ¶ 18, 5 N.E.3d 176. Interpreting the language as such,

> "counsel would have been required to certify that he consulted with defendant about contentions of error in both the sentence *and* the guilty plea, which would more likely enable the trial court to ensure that counsel had reviewed the defendant's claim and considered *all* relevant bases for the post-plea motion. More important, counsel's certifying that he consulted with the defendant about *both* types of error would make it more likely, rather than less likely, that all of the contentions of error were included in the post-plea motion, enabling the trial court to address and correct any improper conduct or errors of the trial court that may have produced the guilty plea." (Emphases in original.) *Tousignant*, 2014 IL 115329, ¶ 19, 5 N.E.3d 176.

¶ 23　　Rejecting the State's literal, disjunctive reading of Rule 604(d) as contrary to the rule's purpose, our supreme court concluded as follows:

> "We hold that in order to effectuate the intent of Rule 604(d), specifically the language requiring counsel to certify that he has consulted with the defendant 'to ascertain defendant's contentions

- 8 -

of error in the sentence *or* the entry of the plea of guilty,' the word

'or' is considered to mean 'and.' Under this reading, counsel is

required to certify that he has consulted with the defendant 'to

ascertain defendant's contentions of error in the sentence *and* the

entry of the plea of guilty.' " (Emphases in original.) *Tousignant*,

2014 IL 115329, ¶ 20, 5 N.E.3d 176.

Therefore, the supreme court affirmed this court's reversal, finding defense counsel did not

strictly comply with Rule 604(d). *Tousignant*, 2014 IL 115329, ¶¶ 23-24, 5 N.E.3d 176.

¶ 24　　　　In a special concurrence, Justice Thomas suggested Rule 604(d) "be amended to

more accurately reflect [the] court's intent." *Tousignant*, 2014 IL 115329, ¶ 27, 5 N.E.3d 176

(Thomas, J., specially concurring). Justice Thomas warned failure to amend the rule will cause

confusion and uncertainty as to which attorneys are complying and which are not. *Tousignant*,

2014 IL 115329, ¶ 27, 5 N.E.3d 176 (Thomas, J., specially concurring). In support, Justice

Thomas offered the following scenarios:

"Consider Attorney A, who conscientiously consults with the

defendant about both his guilty plea and sentence, determines that

defendant wants to raise issues concerning his sentence only, and

certifies that he consulted with the defendant about his contentions

of error in his sentence. Now consider Attorney B, who consults

with the defendant about his sentence only, and certifies, truthfully,

that he consulted with the defendant about his contentions of error

in the plea or sentence. A court will reverse and remand in the first

- 9 -

case and not the second, even though, unbeknownst to the court, it is Attorney B who clearly has not fulfilled his obligation." *Tousignant*, 2014 IL 115329, ¶ 27, 5 N.E.3d 176 (Thomas, J., specially concurring).

Justice Thomas concluded, "While certainly today's opinion will clear up some of the confusion, I believe that the rule should be amended so that this court can have complete confidence that attorneys are complying with the rule." *Tousignant*, 2014 IL 115329, ¶ 27, 5 N.E.3d 176 (Thomas, J., specially concurring).

¶ 25   In a dissent, Justice Karmeier, with Justices Kilbride and Theis joining, agreed with Justice Thomas' special concurrence as to the confusion the majority's opinion will cause without an amendment to the rule. *Tousignant*, 2014 IL 115329, ¶ 47, 5 N.E.3d 176 (Karmeier, J., dissenting, joined by Kilbride and Theis, JJ.). According to Justice Karmeier:

"What the majority is actually saying is that the rule should be read as follows:

'The defendant's attorney shall file with the trial court a certificate stating that the attorney [(1)] has consulted with the defendant [(a)] either by mail or in person [(b)] to ascertain defendant's contentions of error, *and to discuss any other errors*, in *both* the sentence *and* the entry of the plea of guilty, [(2)] has examined the [(a)] trial court file and [(b)] report of proceedings of the [(i)] plea of guilty [(ii)] *and sentencing*, and [(3)] has made any amendments

- 10 -

to the motion necessary for adequate presentation of any defects in those proceedings.' " (Emphases in original.) *Tousignant*, 2014 IL 115329, ¶ 49, 5 N.E.3d 176 (Karmeier, J., dissenting, joined by Kilbride and Theis, JJ.). Justice Karmeier concluded, "I am not opposed to changing Rule 604(d), but we should do so prospectively and only after the open deliberative process usually followed by this court in making rule changes." *Tousignant*, 2014 IL 115329, ¶ 49, 5 N.E.3d 176 (Karmeier, J., dissenting, joined by Kilbride and Theis, JJ.).

¶ 26                                    C. *Mineau*

¶ 27        In *Mineau*, 2014 IL App (2d) 110666-B, ¶¶ 17-19, 19 N.E.3d 633, the Second District considered, in relevant part, the impact of *Tousignant* on defense counsel's Rule 604(d) certificate.

¶ 28        In *Mineau*, 2014 IL App (2d) 110666-B, ¶ 4, 19 N.E.3d 633, the defendant filed a motion to withdraw the guilty plea or, alternatively, to reconsider the sentence. Defense counsel filed a Rule 604(d) certificate alleging, in relevant part, he contacted the defendant to ascertain his " 'contentions of error in the sentence *or* the entry of the plea of guilty.' " (Emphasis added.) *Mineau*, 2014 IL App (2d) 110666-B, ¶ 4, 19 N.E.3d 633. Following a hearing, the trial court denied the defendant's motion. *Mineau*, 2014 IL App (2d) 110666-B, ¶ 5, 19 N.E.3d 633. The defendant appealed, alleging, in relevant part, defense counsel's Rule 604(d) certificate was defective because it used the disjunctive "or." *Mineau*, 2014 IL App (2d) 110666-B, ¶ 6, 19 N.E.3d 633.

¶ 29    In its initial disposition, the Second District affirmed, holding, in relevant part, defense counsel's certificate was sufficient as the language comported with the rule's text. *People v. Mineau*, 2012 IL App (2d) 110666, ¶¶ 15-16, 1 N.E.3d 1.  Subsequently, the supreme court directed the Second District to vacate its disposition and reconsider in light of *Tousignant*. *Mineau*, 2014 IL App (2d) 110666-B, ¶ 7, 19 N.E.3d 633; *People v. Mineau*, No. 115324, 22 N.E.3d 1160 (Ill. May 28, 2014) (nonprecedential supervisory order on denial of leave to appeal).  After doing so, the Second District concluded *Tousignant* did not dictate a different result.  *Mineau*, 2014 IL App (2d) 110666-B, ¶ 7, 19 N.E.3d 633.  It found as follows:

> "Given that 'or' in the rule means 'and,' counsel's certificate here literally complies.  Nothing in *Tousignant* demonstrates an intention to change the rule's literal language or to change what a certificate must state.  Further, we note that, given that counsel filed on defendant's behalf a motion to withdraw the plea or, in the alternative, to reconsider the sentence, it is reasonable to infer that counsel consulted with defendant about both types of error.
>
> We note that, in his special concurrence in *Tousignant*, Justice Thomas anticipated this situation, pointing out that literal compliance could lead to uncertainty as to whether counsel consulted with his or her client about both types of error.  However, he implicitly found that using 'or' complies with the rule as presently written.  [Citation.]"  *Mineau*, 2014 IL App (2d) 110666-B, ¶¶ 18-19, 19 N.E.3d 633.

¶ 30    In a special concurrence, Justice Jorgensen advised it would be better practice for counsel to use "and," rather than "or," to certify he or she has consulted with the defendant as to his or her plea *and* sentencing. *Mineau*, 2014 IL App (2d) 110666-B, ¶¶ 23-26, 19 N.E.3d 633 (Jorgensen, J., specially concurring). By doing so, "courts would not need to assume that, when counsel wrote 'or,' he or she meant 'and,' and the scope of counsel's consultation would not need illumination by collateral sources, such as the motion." *Mineau*, 2014 IL App (2d) 110666-B, ¶ 24, 19 N.E.3d 633 (Jorgensen, J., specially concurring).

¶ 31                    D. Defense Counsel's Rule 604(d) Certificate

¶ 32    Here, defense counsel filed on defendant's behalf a motion to withdraw the plea or, in the alternative, to reconsider the sentence. Thereafter, defendant amended his motion, requesting the court to only reconsider his sentence.

¶ 33    Defense counsel completed the trial court's form Rule 604(d) certificate, which the court accepted. The Rule 604(d) certificate stated, in relevant part, "I have consulted with the defendant *** to ascertain defendant's contentions of error in the sentence *or* the entry of the plea of guilty." (Emphasis added.) We find, in light of the supreme court's decision in *Tousignant*, 2014 IL 115329, ¶ 19, 5 N.E.3d 176, and the purpose of Rule 604(d), the court's acceptance of defense counsel's Rule 604(d) certificate was in error. The certificate, although in literal compliance with the language of Rule 604(d), does not afford defendant the protections the rule intends or fulfill its purpose of avoiding needless trips to the appellate court.

¶ 34    In *Tousignant*, 2014 IL 115329, ¶ 20, 5 N.E.3d 176, the supreme court held, to effectuate the intent of Rule 604(d), the word "or" must be "considered to mean 'and.' " The State asserts this indicates courts are to read "or" as "and" when reviewing counsel's Rule 604(d)

certificate, and not that counsel must write "and" instead of "or." The State's interpretation fails

to consider the sentence that follows in *Tousignant*, which we emphasize here:

> "Under this reading, counsel is required to certify that he has
>
> consulted with the defendant 'to ascertain defendant's contentions
>
> of error in the sentence *and* the entry of the plea of guilty.' "
>
> (Emphasis in original.) *Tousignant*, 2014 IL 115329, ¶ 20, 5
>
> N.E.3d 176.

The court quoted the language of Rule 604(d), removed the word "or," and inserted the word

"and." We find the plain language of this sentence indicates a clear intention of the supreme

court to require defense counsel to certify he or she has discussed with a defendant his or her

contentions of error in the sentence *and* the entry of the plea of guilty.

¶ 35    Further, the State's position is at variance with the rule's purpose. "[T]he rule's

certificate requirement is meant to enable the trial court to ensure that counsel has reviewed the

defendant's claim and considered *all* relevant bases for the motion to withdraw the guilty plea or

to reconsider the sentence." (Emphasis in original.) *Tousignant*, 2014 IL 115329, ¶ 16, 5 N.E.3d

176. A certificate indicating counsel has consulted with a defendant regarding his or her

contentions of error in the sentence *or* the entry of the plea of guilty does not ensure counsel has

consulted with the defendant regarding "*all* relevant bases" for the motion, as counsel may have

consulted with the defendant about contentions of error in only (1) the sentence or (2) the entry

of the guilty plea. Accepting the State's interpretation would leave open the possibility a

defendant in fact had concerns about his guilty plea or sentence that were not discussed with

counsel and omitted from a postplea motion. See *Tousignant*, 2014 IL 115329, ¶ 18, 5 N.E.3d

176.  Under the State's reading, the certificate's purpose is undermined.  A Rule 604(d) certificate would act as a mere procedural checkpoint rather than as a tool to protect a defendant's constitutional rights and eliminate needless trips to the appellate court.  See *People v. Janes*, 158 Ill. 2d 27, 35, 630 N.E.2d 790, 793 (1994).

¶ 36            Requiring defense counsel to certify he or she has consulted with a defendant to ascertain defendant's contentions of error in the sentence *and* the entry of the plea of guilty "would make it more likely, rather than less likely, that all of the contentions of error were included in the post-plea motion, enabling the trial court to address and correct any improper conduct or errors of the trial court."  *Tousignant*, 2014 IL 115329, ¶ 19, 5 N.E.3d 176.  Requiring such furthers the purpose of Rule 604(d).  *Tousignant*, 2014 IL 115329, ¶¶ 19-20, 5 N.E.3d 176.

¶ 37            This holding necessarily disavows the Second District's decision in *Mineau*, 2014 IL App (2d) 110666-B, ¶ 16, 19 N.E.3d 633, on this particular issue.  We disagree with the assertion in *Mineau*, "[n]othing in *Tousignant* demonstrates an intention to change the rule's literal language or to change what a certificate must state."  *People v. Mineau*, 2014 IL App (2d) 110666-B, ¶ 18, 19 N.E.3d 633.  Rather, we conclude, "the supreme court did indicate its intent to change what a Rule 604(d) certificate must state when it declared counsel is required to certify that he has consulted with the defendant to ascertain defendant's contentions of error in the sentence *and* the entry of the plea of guilty."  (Emphasis in original and internal quotation marks omitted.)  *People v. Mason*, 2015 IL App (4th) 130946, ¶ 13, 37 N.E.3d 927.

¶ 38            In *Mineau*, the Second District further noted, "given that counsel filed on defendant's behalf a motion to withdraw the plea or, in the alternative, to reconsider the sentence, it is reasonable to infer that counsel consulted with defendant about both types of error."

*Mineau*, 2014 IL App (2d) 110666-B, ¶ 18, 19 N.E.3d 633.  Justice Jorgensen, in her special concurrence, advised it would be better practice for counsel to use "and," rather than "or," as "courts would not need to assume that, when counsel wrote 'or,' he or she meant 'and,' and the scope of counsel's consultation would not need illumination by collateral sources, such as the motion." *Mineau*, 2014 IL App (2d) 110666-B, ¶ 24, 19 N.E.3d 633 (Jorgensen, J., specially concurring).   We have consistently held "the certificate itself is all that this court will consider to determine compliance with Rule 604(d)." *People v. Grice*, 371 Ill. App. 3d 813, 816, 867 N.E.2d 1143, 1146 (2007).  We decline to comb the record to determine whether an inference may be drawn as to whether defense counsel has complied with the rule.

¶ 39          We further note the last sentence of  Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013) states: "Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived[, *i.e.*, procedurally defaulted]."  This is defendant's one opportunity, short of the hurdles of postconviction proceedings, to bring any allegations of error to the trial court's attention.  We conclude the supreme court intends that opportunity to not only be meaningful, but also one that fully informs the trial court of any alleged error.

¶ 40          Finally, we find the reliance in *Mineau*, 2014 IL App (2d) 110666-B, ¶ 19, 19 N.E.3d 633, on Justice Thomas's special concurrence in *Tousignant* unpersuasive.  The court cited Justice Thomas's warning that without amendment, confusion may result as to whether counsel consulted with his or her client about both types of error.  The court held Justice Thomas's concurrence "implicitly found that using 'or' complies with the rule as presently written." *Mineau*, 2014 IL App (2d) 110666-B, ¶ 19, 19 N.E.3d 633.  Justice Thomas, after

- 16 -

concurring in the majority's opinion, suggested Rule 604(d) "be amended to more accurately reflect [the] court's intent." *Tousignant*, 2014 IL 115329, ¶ 27, 5 N.E.3d 176 (Thomas, J., specially concurring). Justice Thomas concluded, "While certainly today's opinion will clear up some of the confusion, I believe that the rule should be amended so that this court can have complete confidence that attorneys are complying with the rule." *Tousignant*, 2014 IL 115329, ¶ 27, 5 N.E.3d 176 (Thomas, J., specially concurring). Based on the explicit wording of the majority's opinion and the purpose of Rule 604(d), we decline to rely on an implicit statement contained in Justice Thomas's concurrence to find defense counsel complied with Rule 604(d).

¶ 41 We are mindful that we are not tasked with changing supreme court rules. However, we are bound by the supreme court's interpretation of those rules. Although the supreme court has yet to amend its rule in accordance with its decision in *Tousignant*, we must follow its interpretation mandating defense counsel certify he or she has consulted with a defendant regarding the defendant's contentions of error in the sentence *and* the entry of the plea of guilty.

¶ 42                                IV. CONCLUSION

¶ 43 For the reasons stated, we reverse the trial court's judgment regarding Rule 604(d) compliance and remand for (1) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel concludes that a new motion is necessary; (2) a new hearing on defendant's postplea motion; and (3) the filing of a Rule 604(d) certificate in compliance with the supreme court's interpretation of the rule in *Tousignant*.

¶ 44 Reversed; cause remanded with directions.