2015 IL App (2d) 140983
No. 2-14-0983
Opinion filed October 23, 2015

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of McHenry County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 12-CF-163 |
| | ) | |
| ISMAEL G. LUNA, | ) | Honorable |
| | ) | Sharon L. Prather, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Justices Burke and Spence concurred in the judgment and opinion

**OPINION**

¶ 1    Defendant, Ismael G. Luna, pleaded guilty in the circuit court of McHenry County to a single count of aggravated driving under the influence of alcohol (DUI) (625 ILCS 5/11-501(d)(1)(A) (West 2010)).   In exchange for defendant's plea, the State nol-prossed other charges.   However, there was no agreement as to defendant's sentence.   The trial court sentenced defendant to an eight-year prison term.   Through counsel, defendant moved for reconsideration of his sentence.   The trial court denied the motion.   On appeal, we granted defendant's motion for a remand to afford him the opportunity to file a new motion in accordance with Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013).   We did so because defendant's attorney failed to file the written certificate required by that rule.   Our order directed the trial court to "hear and

resolve [the] motion only after defendant's attorney files a certificate in strict compliance with Rule 604(d)." *People v. Luna*, No. 2-13-1035 (July 8, 2014) (minute order). On remand, defendant's attorney filed a Rule 604(d) certificate and stood on the previously filed motion to reconsider defendant's sentence. Defendant's attorney offered no new or additional argument on that motion. The trial court again denied the motion. In this appeal, defendant argues that the Rule 604(d) certificate that defense counsel filed on remand did not strictly comply with that rule. Thus, defendant asks that we remand the case once more. We affirm.

¶ 2    Rule 604(d) provides, in pertinent part, as follows:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment. *** The trial court shall *** determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel. *** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. Feb. 6, 2013).

It is well established that the attorney's certificate must strictly comply with the requirements of Rule 604(d). See *People v. Janes*, 158 Ill. 2d 27, 35 (1994). If the certificate does not satisfy

this standard, a reviewing court must remand the case to the trial court for proceedings that strictly comply with Rule 604(d). *Id.* at 33.

¶ 3 Here, in the certificate filed on remand following the earlier appeal, defendant's attorney stated, "I have consulted with the Defendant via written correspondence and telephone to ascertain his contentions of error, have reviewed the court file and report of proceedings of the guilty plea and sentencing, and have made any amendments to the motion to reconsider sentence necessary to adequately preserve any defects in those proceedings." Defendant argues that the certificate is deficient because, although counsel stated that he consulted with him to ascertain his "contentions of error," counsel did not expressly state that he ascertained defendant's contentions of error in defendant's sentence or the entry of his guilty plea.

¶ 4 Defendant relies primarily on our supreme court's decision in *People v. Tousignant*, 2014 IL 115329. In that case, the defendant moved for reconsideration of the sentence imposed after the acceptance of his guilty plea. Defense counsel filed a Rule 604(d) certificate stating that counsel " 'consulted with the Defendant in person to ascertain Defendant's contentions of error in the sentence imposed herein.' " *Id.* ¶ 35. The certificate was silent on the question of whether counsel ascertained the defendant's contentions of error in the entry of the guilty plea. Stressing that Rule 604(d) states that counsel must certify that he or she consulted with the defendant to "ascertain defendant's contentions of error in the sentence *or* the entry of the plea of guilty" (emphasis added) (Ill. S. Ct. R. 604(d) (eff. Feb. 6, 2013)), the State argued that the use of the disjunctive "or" signified that counsel was not required to consult with the defendant *both* about sentencing errors and about errors relating to the entry of the defendant's plea. *Tousignant*, 2014 IL 115329, ¶ 9. Rather, in the State's view, the subject of the consultation depended on the type of postplea motion filed. *Id.* ¶ 10. The *Tousignant* court disagreed. The court observed:

" 'It is the settled law of this State that the words "or" and "and" will not be given their literal meaning when to do so renders the sense of a statutory enactment dubious. The strict meaning of such words is more readily departed from than that of other words. Where it is necessary to effectuate the intention of the legislature, the word "or" is sometimes considered to mean "and," and the word "and" to mean "or." ' " *Id.* ¶ 11 (quoting *John P. Moriarty, Inc. v. Murphy*, 387 Ill. 119, 129-30 (1944)).

The court reasoned that Rule 604(d) was designed to ensure that, before an appeal is taken from a conviction entered on a guilty plea, the trial court has been apprised of potential errors in both the entry of the plea and the imposition of the sentence. *Id.* ¶¶ 15-16. Thus, the court concluded that the rule's "or" means "and," such that "counsel is required to certify that he has consulted with the defendant 'to ascertain defendant's contentions of error in the sentence *and* the entry of the plea of guilty.' " (Emphasis in original.) *Id.* ¶ 20.

¶ 5     The issue in *Tousignant* pertained to the substance of the Rule 604(d) consultation requirement. *Tousignant* teaches that the scope of the consultation requirement is not limited by the type of motion filed. Where the defendant moves to reconsider his or her sentence, counsel must consult with the defendant to ascertain not only sentencing errors, but errors affecting the validity of the guilty plea as well. Likewise, where the defendant moves to withdraw his or her plea, counsel must consult with the defendant to ascertain not only errors affecting the validity of the guilty plea, but sentencing errors as well.

¶ 6     What *Tousignant* does *not* do is mandate that counsel's certificate take any particular form. As we have recently observed, "[c]ourts have repeatedly held that a certificate need not recite *verbatim* the rule's language." *People v. Mineau*, 2014 IL App (2d) 110666-B, ¶ 16 (citing *People v. Wyatt*, 305 Ill. App. 3d 291, 297 (1999)). The certificate in *Tousignant* was

insufficient because, although it specifically indicated that counsel had consulted with the defendant " 'to ascertain [his] contentions of error in the sentence imposed herein,' " it said nothing about whether counsel had consulted with the defendant to ascertain his contentions of error in the entry of the plea. *Tousignant*, 2014 IL 115329, ¶ 35. Here, in contrast, counsel indicated that he consulted with defendant to ascertain his "contentions of error." The certificate includes no language limiting the scope of the consultation to a particular category of error. The natural import of the certificate's unqualified language is that the consultation broadly encompassed both types of error that postplea proceedings were designed to redress.

¶ 7    We recognize that a recent decision from the Fifth District, *People v. Willis*, 2015 IL App (5th) 130020, seems to require a greater level of specificity. As seen, Rule 604(d) requires counsel to certify that he or she has examined the report of proceedings of the plea of guilty. Ill. S. Ct. R. 604(d) (eff. Feb. 6, 2013). The certificate in *Willis* stated that counsel examined the " 'report of proceedings,' " but it omitted the words "*of the plea of guilty.*" (Emphasis in original.) *Willis*, 2015 IL App (5th) 130020, ¶ 22. The *Willis* court stated that "[t]he certificate itself must show the defendant's 'attorney has examined the report of proceedings of the plea of guilty.' " *Id.* (quoting *People v. Grice*, 371 Ill. App. 3d 813, 817 (2007)). The *Willis* court then concluded that the "[o]mission of these words violated the clear language and provisions of Rule 604(d)." *Id.* The *Willis* court cited no authority that a Rule 604(d) certificate must use any particular form of language. Certainly, *Grice* does not support such a reading of Rule 604(d). In *Grice*, the Rule 604(d) certificate stated that counsel had " 'reviewed the transcript of proceedings of *the sentencing hearing.*' " (Emphasis added.) *Grice*, 371 Ill. App. 3d at 814. *Grice* did not hold that any particular form of language must be used to certify examination of

the report of proceedings of the guilty plea. We do not read *Grice* to suggest that the general language used in *Willis* would not suffice.

¶ 8    Furthermore, here, the fact that in every other respect counsel's Rule 604(d) certificate evinces consideration of the possibility of both sentencing errors and errors affecting the validity of defendant's plea bolsters our conclusion that the general language used with reference to the consultation requirement reflects compliance with that requirement. Counsel certified that he "reviewed the court file and *report of proceedings of the guilty plea and sentencing*, and *** made any amendments to the motion to reconsider sentence necessary to adequately preserve any defects in *those* proceedings." (Emphases added.) Reading the certificate as a whole persuades us that, as used here, the words "contentions of error" encompass potential errors in the plea proceeding as well as the claimed sentencing error that was, ultimately, the focus of defendant's Rule 604(d) motion. Accordingly, we hold that the certificate here strictly complied with Rule 604(d).

¶ 9    Although the language used here satisfies Rule 604(d), we strongly encourage attorneys to use more specific language. In *Mineau*, we approved a Rule 604(d) certificate that essentially tracked the rule's language verbatim. *Mineau*, 2014 IL App (2d) 110666-B, ¶ 16. We did so despite the defendant's argument that it was error to use the disjunctive "or" in certifying that counsel consulted with the defendant to ascertain his contentions of error " 'in the sentence *or* the entry of the plea of guilty' (emphasis added)." *Id.* (quoting Ill. S. Ct. R. 604(d) (eff. July 1, 2006)). However, given *Tousignant*'s holding that, in the context of Rule 604(d)'s consultation requirement, "or" means "and" (*Tousignant*, 2014 IL 115329, ¶ 20), the best practice would be for counsel simply to use the word "and" in the certificate, *i.e.*, for counsel to certify that he or

she has consulted with the defendant "to ascertain the defendant's contentions of error in the sentence and the entry of the plea of guilty."

¶ 10    We also believe that the following observations in *Grice* bear repeating:

> "Although the responsibility for drafting a proper Rule 604(d) certificate lies initially with defense counsel, trial courts can, and should, play an important role in preventing the waste of judicial resources that occurs when we must address on appeal the validity of a Rule 604(d) certificate. Trial courts possess the power—and the duty— to examine any Rule 604(d) certificate when filed to determine whether it complies with that rule. Trial courts should reject those certificates that do not comply, and when doing so, instruct counsel to file another certificate in accordance with all of the requirements of Rule 604(d)." *Grice*, 371 Ill. App. 3d at 816.

¶ 11    For the foregoing reasons, the judgment of the circuit court of McHenry County is affirmed. As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal. 55 ILCS 5/4-2002(a) (West 2014); see also *People v. Nicholls*, 71 Ill. 2d 166, 179 (1978).

¶ 12    Affirmed.