# Illinois Official Reports

## Appellate Court

---

### *People v. Easton*, 2017 IL App (2d) 141180

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JORDAN EASTON, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-14-1180 |
| Filed | March 28, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Kendall County, Nos. 13-CF-333, 14-CF-24, 14-CF-53, 14-CF-138, 14-CF-139, 14-CF-140; the Hon. Timothy J. McCann, Judge, presiding. |
| Judgment | Vacated and remanded. |
| Counsel on Appeal | Thomas A. Lilien and Andrew N. Smith, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Eric C. Weis, State's Attorney, of Yorkville (Lawrence M. Bauer and Barry W. Jacobs, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE JORGENSEN delivered the judgment of the court, with opinion.<br>Presiding Justice Hudson and Justice McLaren concurred in the judgment and opinion. |

**OPINION**

¶ 1 Defendant, Jordan Easton, pleaded guilty to aggravated unlawful possession of a stolen motor vehicle (625 ILCS 5/4-103.2(a)(7)(A) (West 2012)), unlawful possession of a stolen motor vehicle (625 ILCS 5/4-103(a)(1) (West 2012)), and four counts of unlawful use of a credit card (720 ILCS 5/17-36 (West 2012)). The trial court sentenced him to 10 years' imprisonment for aggravated unlawful possession of a stolen motor vehicle and lesser terms for the other convictions, with the sentences to run concurrently.

¶ 2 Defendant moved to reconsider the sentences. Defense counsel filed a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013), stating in pertinent part as follows:

"1. I have consulted with the Defendant in person to ascertain his contentions of error in the imposition of the sentence or the entry of plea of guilty[.]"

The trial court denied the motion, and defendant timely appealed. We vacate and remand.

¶ 3 Defendant contends that counsel's certificate is insufficient because it states that she consulted with him about his contentions concerning the "imposition of the sentence *or* the entry of plea of guilty." (Emphasis added.) Defendant acknowledges that the use of the word "or" tracked the rule as it was then written. See *People v. Mineau*, 2014 IL App (2d) 110666-B, ¶¶ 16-19. However, he notes that the supreme court has since amended the rule to require that a certificate state that counsel has consulted with the defendant about his or her "contentions of error in the sentence *and* the entry of the plea of guilty." (Emphasis added.) Ill. S. Ct. R. 604(d) (eff. Mar. 8, 2016). He contends that the amendment is a procedural one that applies retroactively to cases on direct appeal. The State disagrees.

¶ 4 On October 29, 2014, when defendant filed his motion to reconsider the sentences, Rule 604(d) required defense counsel to

"file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. Feb. 6, 2013).

Strict compliance with Rule 604(d) is required. *People v. Janes*, 158 Ill. 2d 27, 35-36 (1994). Compliance with supreme court rules is reviewed *de novo*. *People v. Dismuke*, 355 Ill. App. 3d 606, 608 (2005).

¶ 5 In *Mineau*, 2014 IL App (2d) 110666-B, the defendant, after pleading guilty to unlawful possession of a stolen motor vehicle and receiving an eight-year sentence, moved to withdraw his plea or, alternately, to reconsider the sentence. His counsel certified that he had consulted with the defendant " 'to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty.' " *Id.* ¶ 4. We rejected the defendant's contention that the certificate did not strictly comply with Rule 604(d), noting that the certificate comported exactly with the rule's text. *Id.* ¶ 16. We stated, "Courts have repeatedly held that a certificate need not recite *verbatim* the rule's language. [Citation.] However, we are aware of no case finding a certificate insufficient for following the rule's language too closely." (Emphasis in original.) *Id.*

¶ 6 Shortly after we issued our initial opinion in *Mineau*, the supreme court decided *People v. Tousignant*, 2014 IL 115329. There, the court held that, to effectuate the rule's intent, "or"

should be construed to mean "and." *Id.* ¶ 20. The court noted that the rule's purpose is " 'to eliminate needless trips to the appellate court and to give the trial court an opportunity to consider the alleged errors and to make a record for the appellate court to consider on review in cases where defendant's claim is disallowed.' " *Id.* ¶ 13 (quoting *People v. Wilk*, 124 Ill. 2d 93, 106 (1988)). Requiring counsel to file a certificate ensures that counsel has reviewed the defendant's claim and " 'considered *all* relevant bases for the motion.' " (Emphasis in original.) *Id.* ¶ 15 (quoting *People v. Shirley*, 181 Ill. 2d 359, 361 (1998)).

¶ 7    The court observed that a literal reading of the rule would require counsel to consult with a defendant about contentions of error in either the plea proceedings or in the sentencing, depending upon which type of motion was being filed. Such a construction, however, was inconsistent with the rule's purpose of bringing all potential errors to the trial court's attention. As the court explained:

> "If, for example, counsel certifies that he has consulted with the defendant only about defendant's contentions of error regarding the sentence, the possibility remains that the defendant might have had contentions of error about the guilty plea but failed to mention them. At a minimum, counsel's certificate, indicating he consulted with defendant only about contentions of error in the sentence, would fall short of assuring the trial court that counsel had reviewed the defendant's claim and considered *all* relevant bases for the post-plea motion. Worse still is the possibility that defendant actually had concerns about the guilty plea which were not discussed with counsel, and were omitted from the motion. Such a result would run directly counter to the rule's purpose of enabling the trial court to immediately correct, before an appeal is taken, any improprieties that might have produced the guilty plea." (Emphasis in original.) *Id.* ¶ 18.

¶ 8    Accordingly, the court construed "or" in the rule to mean "and," requiring counsel to certify that he or she had consulted with the defendant about contentions of error in both the plea and the sentence. *Id.* ¶¶ 20-21. Subsequently, in *Mineau*, the supreme court directed us to vacate our opinion and to reconsider it in light of *Tousignant*. *People v. Mineau*, No. 115324 (Ill. May 28, 2014) (supervisory order).

¶ 9    We declined to change the result, noting that "[n]othing in *Tousignant* demonstrates an intention to change the rule's literal language or to change what a certificate must state." *Mineau*, 2014 IL App (2d) 110666-B, ¶ 18. We further observed that, given that counsel filed a motion to withdraw the plea or, in the alternative, to reconsider the sentence, it was reasonable to conclude that counsel had in fact consulted with the defendant on both types of errors. *Id.* Subsequently, in light of *Tousignant*, the Third and Fourth Districts disagreed with *Mineau* and held that a certificate phrased in the exact language of the rule was insufficient. *People v. Hobbs*, 2015 IL App (4th) 130990; *People v. Mason*, 2015 IL App (4th) 130946; *People v. Scarbrough*, 2015 IL App (3d) 130426.

¶ 10    Ultimately, the supreme court amended Rule 604(d). The rule now provides that a certificate must state that counsel consulted with the defendant about his or her contentions of error in "the sentence *and* the entry of the plea of guilty." (Emphasis added.) Ill. S. Ct. R. 604(d) (eff. Mar. 8, 2016). The amended rule also requires, for the first time, counsel to certify that he or she has read the transcript of the sentencing hearing, not just the transcript of the entry of the plea. *Id.*

¶ 11    Defendant contends that, in light of the supreme court's amendment of the rule, *Mineau* does not govern this case. Further, he argues that the amendment is procedural and therefore applies retroactively to cases on direct review. We agree with defendant on both points.

¶ 12    In *Mineau*, we were not asked to decide whether a new rule applied retroactively. There, the February 6, 2013, version of Rule 604(d) was in effect. It allowed the use of the word "or." When counsel filed the Rule 604(d) certificate in question, it complied with the then-effective Rule 604(d), and we found no error. However, we were directed to review our position in light of *Tousignant*, which concluded that "or" meant "and" and stressed the need to ensure that issues regarding *both* the plea and the sentence were discussed with the defendant and brought to the attention of the trial court. Following *Tousignant*, we found that the certificate complied with the words of the then-effective Rule 604(d) *and* that the substance of the extensive motion, both challenging defendant's plea and, in the alternative, requesting a reconsideration of his sentence, indicated that counsel must have consulted with the defendant on *both* issues. Thus, regardless of counsel's use of "or" in accordance with the then-effective version of the rule, counsel's work product demonstrated that counsel complied with "and" in accordance with *Tousignant*.

¶ 13    As noted, following its decision in *Tousignant*, the supreme court amended Rule 604(d) to change "or" to "and" and to require that counsel review the transcripts from both the plea hearing and the sentencing hearing. The question we address here is whether the amended Rule 604(d) should be applied retroactively.

¶ 14    To decide whether the amended rule applies retroactively, we first consider whether the court stated an explicit intent about retroactivity. *GreenPoint Mortgage Funding, Inc. v. Poniewozik*, 2014 IL App (1st) 132864, ¶ 15. As the court did not do so, we next consider whether the amendment is procedural or substantive. *Id.* It is well settled that statutory amendments may be applied retroactively where they are purely procedural and do not impair a vested right. *Allegis Realty Investors v. Novak*, 223 Ill. 2d 318, 331 (2006) (statutory amendments that are "procedural may be applied retroactively, while those that are substantive may not"); see also *People ex rel. Madigan v. Petco Petroleum Corp.*, 363 Ill. App. 3d 613, 620-21 (2006) (supreme court's retroactivity framework "applies equally to supreme court rules"). "Generally, a procedural change in the law prescribes a method of enforcing rights or involves pleadings, evidence and practice." *Schweickert v. AG Services of America, Inc.*, 355 Ill. App. 3d 439, 442 (2005).

¶ 15    In *People v. Evans*, 2017 IL App (3d) 160019, ¶ 16, the Third District held that the amendment to Rule 604(d) applies retroactively. The court found that the amendment was clearly procedural in that it dictated the practices to be followed by attorneys on postplea motions. *Id.* ¶ 17. Moreover, "far from impairing a vested right, the amendment actually served to expand the protections afforded to defendants challenging their sentences." *Id.*

¶ 16    The State's argument that the amended rule should not apply retroactively is difficult to follow. The State cites *People v. Yarbor*, 383 Ill. App. 3d 676 (2008), for the proposition that, where an amendment to a rule imposes new duties with regard to transactions already completed, the rule should not be applied retroactively. *Id.* at 682-83 (citing *Commonwealth Edison Co. v. Will County Collector*, 196 Ill. 2d 27, 38 (2001)). In *Yarbor*, the court first concluded that the amendment in question had a delayed effective date, indicating an intent that it be applied prospectively. *Id.* at 683-84. The court then noted that applying the amendment retroactively would impose significant new duties on the State in that all jury

- 4 -

verdicts pending on appeal would potentially be subject to reversal and retrial. *Id.* at 684. Here, the amendment became effective immediately, and no undertakings of the scale contemplated in *Yarbor* would be required.

¶ 17    As noted in *Evans*, the amended rule is purely procedural, and the State cannot plausibly claim to have a vested interest in the continuation of the old rule. Thus, it applies retroactively to this case.

¶ 18    Under the amended rule, counsel's certificate is insufficient because it does not state that counsel consulted with defendant about his "contentions of error in the sentence and the entry of the plea of guilty." Ill. S. Ct. R. 604(d) (eff. Mar. 8, 2016); see *Tousignant*, 2014 IL 115329, ¶¶ 18-19. We further note that the amended rule requires counsel to certify that she read the transcript of the sentencing hearing, and counsel's certificate does not so state. It is insufficient on this basis as well.

¶ 19    The judgment of the circuit court of Kendall County is vacated, and the cause is remanded for "(1) the filing of a [valid] Rule 604(d) certificate; (2) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel concludes that a new motion is necessary; and (3) a new motion hearing." *People v. Lindsay*, 239 Ill. 2d 522, 531 (2011).

¶ 20    Vacated and remanded.